

FILED

MAR 3 1 2009

CLERK, US DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CYNTHIA DONN TESSLER,

        Plaintiff,

v.                                               CIVIL ACTION NO. 2:08cv234

NBC UNIVERSAL, INC.,

        Defendant.

## *MEMORANDUM OPINION & ORDER*

This matter comes before the Court on NBC Universal, Inc.'s ("NBC" or "Defendant") Motion to Dismiss. Pursuant to 28 U.S.C. § 636(b), this Court referred the Defendant's motion to the United States Magistrate Judge Tommy Miller for a recommendation as to disposition. On December 5, 2008, the Magistrate Judge entered a Report and Recommendation ("Report") recommending that Defendant's motion be granted with respect to all claims, except Plaintiff's Breach of Contract claim. Cynthia Donn Tessler ("Tessler" or "Plaintiff") and Defendant timely filed objections to the Report. Having conducted a *de novo* review of those portions of the recommendation to which specific objections were filed, and for the reason set forth below, the Court sustains Defendant's objections and overrules Plaintiff's objections. Accordingly, the Court adopts the Magistrate Judge's Report in part, and GRANTS Defendant's Motion to Dismiss in its entirety, thereby dismissing all of Plaintiff's claims.

## I. FACTUAL AND PROCEDURAL HISTORY

Neither party objected to the Factual and Procedural History portion of the Magistrate's Report, consequently, the Court will rely on this portion (Part I) of the Report as complete and accurate, as follows:

This matter arises from the business dealings between an independent producer and a major entertainment conglomerate. Plaintiff is a media producer residing in the City of Norfolk, Virginia. (Am. Compl. ¶¶ 5, 7.) Defendant is a media and entertainment corporation with its principle place of business in New York, New York. (Am. Compl. ¶¶ 6, 8.) In early 2001, Plaintiff began developing "Parenting Your Parent" ("PYP"), a series of video programming intended to explore the issues related to adult children caring for their aging parents. (Am. Compl. ¶ 10.) Plaintiff filed a U.S. Copyright Registration on December 28, 2001, which contained the following materials: (1) a copy of Tessler's pilot video for PYP, in DVD format ("Video"); (2) a written copy of the PYP introduction and story segments for video production ("Treatment"); and (3) an excerpt and table of contents for the book, "Parenting Your Parents: A Baby Boomer's Guide to Caring For Your Aging Parent" ("Book Excerpt").[1] (Am Compl. ¶ 11.)

From August 2002 through September 2004, Plaintiff engaged in discussions with Defendant regarding the possibility of Defendant using PYP programming, or acting as a distribution partner. (Am. Compl. ¶¶ 16-17.) During the course of these discussions, Plaintiff provided Defendant with the entirety of her materials, including copies of the materials previously deposited with the U.S. Copyright Office. (Am. Compl. ¶ 17, 22.) Eventually, Defendant informed Plaintiff that it desired to use the copyrighted materials as part of future NBC programming. (Am. Compl. ¶ 24.) Specifically, Defendant promised to pay Plaintiff $750,000 in return for the right to use the materials. (Am. Compl. ¶ 24.) By 2004, however, the collaborative project had not come to fruition, and Defendant informed Plaintiff that NBC would

---

[1] There is uncertainty regarding whether the Deposit Copy contains the Treatment and Book Excerpt (Am. Compl. ¶ 14-15), but for purposes of this motion, NBC concedes that the Court may consider the Video, Treatment, and Book Excerpt as included in the Deposit Copy. (Def.'s Br. at 11)

2

not be using Plaintiff's copyrighted materials. (Am. Compl. ¶ 25.) In response, Plaintiff issued a letter to Defendant on September 1, 2004, memorializing that: (1) negotiations between Plaintiff and Defendant had ceased; (2) Plaintiff intended to seek other means of distribution for PYP; and (3) Plaintiff retained all rights to PYP and would seek legal action if Defendant continued development of her materials. (Am. Compl. ¶ 27.) At oral argument, Plaintiff's counsel conceded that Plaintiff never demanded return of the copies of her materials.

In 2007, Defendant began airing a television series, "Trading Places," in conjunction with the NBC Nightly News. (Am. Compl. ¶ 28.) Plaintiff alleges that "the NBC Nightly News series directly copies, in whole or in part and without authorization, the original material of Tessler's program for 'Parenting Your Parent.'" (Am. Compl. ¶ 28.) Plaintiff further alleges that a former NBC executive admitted "that he and others at NBC . . . 'used to sit around and try to figure out a way to steal Parenting Your Parent from [Tessler].'" (Am. Compl. ¶ 36.)

Tessler filed a Complaint against NBC on May 20, 2008. By joint motion, filed July 11, 2008, the parties agreed to amend the response schedule. On July 21, 2008, Tessler filed her Amended Complaint, which alleges (1) copyright infringement; (2) breach of contract; (3) breach of implied contract; and (4) conversion. In response, NBC filed a Motion to Dismiss on August 1, 2008, contending that all four claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). On August 15, 2008, Plaintiff filed a response in opposition, and on August 28, 2008, Defendant submitted a reply.

On October 10, 2008, the Magistrate Judge heard oral argument on the motion. The Report was issued to this Court on December 5, 2008. Plaintiff filed Objections on December 18, 2009 and Defendant filed Objections on December 19, 2009.

3

## II. LEGAL STANDARDS

### A. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of actions that fail to state a claim upon which relief can be granted. The function of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th. Cir. 1999). Although a complaint need not contain detailed factual allegations, such factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). If the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible, the[] complaint must be dismissed." *Id.* at 570.

### B. *De Novo* Review

The Court's standard of review for a Magistrate Judge's Report and Recommendation depends upon whether a party files objections. A party may file written objections to a Magistrate Judge's Report and Recommendation within ten days after being served with a copy thereof. 28 U.S.C. 636(b)(1). Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). If proper objections are made, a district court reviews such objections under a *de novo* standard; the Court may not act solely on the basis of a Magistrate Judge's Report and Recommendation. 28 U.S.C. § 636(b)(1); *see Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." 28 U.S.C. § 636(b)(1)(C); *see Camby v.*

*Davis*, 718 F.2d 198, 200 (4th Cir. 1983). Where no objection is made, the court need "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life*, 416 F.3d 301, 315 (4th Cir. 2005) (citations omitted).

### III. DISCUSSION

#### A. Copyright Infringement (Count I)

Plaintiff has not objected to the Magistrate's statement of the applicable law which is briefly reiterated.

Under the Copyright Act, "[c]opyright protection subsists . . . in original works of authorship fixed in any tangible medium of expression." 17 U.S.C. § 102. To establish copyright infringement, a plaintiff must prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Where there is no direct evidence of copying, a plaintiff must prove: (1) that the defendant had access to the plaintiff's work and (2) that there is a substantial similarity between the alleged copy and the protectable elements of the original. *See Towler v. Sales*, 76 F.3d 579 (4th Cir. 1996). Here, there is no dispute that Defendant had access to Plaintiff's work. The specific issue, then is whether the two works are substantially similar.

#### 1. Court's Comparison of Materials

Plaintiff's asserts that the Magistrate Judge erred in conducting a factual analysis as to Plaintiff's allegations. First, Plaintiff disagrees with the Magistrate Judge's finding that the Court had authority to review and compare the copyrighted and alleged infringing works for the purpose of deciding the instant motion. Plaintiff supports her argument by relying on *Secureinfo Corp. v. Telos Corp*, 387 F. Supp. 2d 593 (E.D. Va. 2005), asserting that the circumstances in

5

*Secureinfo* are similar to the instant case, which should have prompted the Magistrate Judge to deny the motion to dismiss. However, a thorough reading of the case contradicts Plaintiff's position, as the facts regarding direct copying of the copyrighted material in *Secureinfo* are not analogous to the facts in the instant case. Thus, the case law the Magistrate applied supports the finding that this Court has the authority to dismiss the copyright infringement claim if no reasonable jury could find substantial similarity. *See, e.g., Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941-42 (10th Cir. 2002); *Nelson v. PRN Prods.*, 873 F.2d 1141, 1143-44 (8th Cir. 1989); *Christianson v. West Pub. Co.*, 149 F.2d 202, 203 (9th Cir. 1945).

Plaintiff next takes issue with the fact that the Magistrate Judge considered materials not before the Court and failed to consider the nature of the materials being reviewed. When addressing a motion to dismiss under Rule 12(b)(6), a district court must exclude evidence outside the scope of the pleadings. Fed. R. Civ. P. 12(d). A district court, however, may consider documents "attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Sec'y of State of Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004). Because the PYP materials were attached to the Amended Complaint, they are clearly within the scope of the pleadings. Additionally, Plaintiff's Amended Complaint references material posted on the MSNBC.com website, incorporating the content found on such website by reference and bringing it within the scope of the pleadings. Further, the Trading Places materials submitted with Defendant's Motion to Dismiss are appropriately considered because they are incorporated by reference, integral to Plaintiff's complaint, and authentic.[2]

---

[2] Although Plaintiff does dispute the authenticity of Defendant's materials, it is the authenticity of the website content, not the Trading Places segments, that she puts at issue. Further,

Therefore, the materials the Magistrate Judge and this Court reviewed are clearly subject to review for the Motion to Dismiss.

Finally, Plaintiff argues that the materials the Magistrate Judge considered were incomplete and inauthentic because: (1) Defendant did not provide hardcopies of the materials found at the website links; (2) the content on the websites at issue are not fixed in time and can be changed; and (3) significant materials that potentially infringe have not yet been revealed. The Court finds Plaintiff's unsupported arguments insufficient to establish that the materials used to determine infringement are inauthentic or incomplete. As discussed in the Report, "the absence of certain episodes or materials does not strip the submitted episodes and materials of authenticity." (Report & Recommendation at 6 (citing *Zella v. E.W. Scripps Co.*, 529 F. Supp. 2d 1123, 1131 (C.D. Cal. 2007))).

Plaintiff has offered no case law to support her assertion that the content found on the MSNBC.com website, which is properly before the Court, may only be reviewed in its hardcopy form. Moreover, Plaintiff has failed to identify what content on MSNBC.com infringes on her copyrighted materials. Plaintiff belatedly raises arguments that additional infringing material exists; however, the additional content Plaintiff cites still provides little relief. Further, although Plaintiff argues that website content is unreliable because it can be changed, she neither alleges that Defendant altered the material related to Trading Places on the MSNBC.com website, nor does she offer evidence of allegedly infringing content that was, but now no longer exists, on the website. Accordingly, the Court finds Plaintiff's objections with regard to the Magistrate's review of the website material to be without foundation.

---

Defendant submitted an affidavit attesting to the authenticity of the Trading Places materials submitted with the Motion.

7

### 2. Objective and Subjective Similarity

In addressing whether works are "substantially similar," a court must consider whether the two works are extrinsically and intrinsically similar. *See Lyons P'ship, LP v. Morris Costumes, Inc.*, 243 F.3d 789, 801 (4th Cir. 2001). Extrinsic similarity focuses on the similarity between the two works' objective elements, such as plot, theme, characters, setting, pace, mood and dialogue. *Eaton v. Nat'l Broad. Co.*, 972 F. Supp. 1019, 1026 (E.D. Va. 1997). In the alternative, intrinsic similarity focuses on whether the "'total concept and feel' of the disputed work resembles that of the plaintiffs." *Id.* In addressing this second prong, courts separate the protectable expression unique to the allegedly infringed work from the unprotectable expression that is dictated by the idea upon which the work is based. *Aliotti v. R. Dakin & Co.*, 831 F.2d 898, 901 (9th Cir. 1987). Courts then look to the entire work, including the unprotectable expression to determine if the works are substantially similar in expression.

Plaintiff submits that the Court erred "(1) by applying both the extrinsic and intrinsic tests; (2) by failing to compare the ideas embodied within the works at issue; (3) by failing to find substantial similarity in applying the objective ('extrinsic') test; and (4) by failing to find substantially similarity in applying the subjective ('intrinsic') test." (Pl.'s Objection at 12.) In contrast, Defendant argues that the Magistrate Judge "properly found that Plaintiff must satisfy both tests to establish substantial similarity" and properly concluded that Plaintiff failed to establish either. (Def.'s Resp Pl.'s Objection at 22.) The Court finds, after further review of the law Plaintiff and Defendant cite, a copyright infringement analysis based on the materials at issue requires both an objective and subjective inquiry.

### *a. Objective Test*

8

The Court reviewed and compared anew Plaintiff's materials, Defendant's online content, and the DVD segments and finds that the Magistrate Judge's descriptions of the materials are accurate. After closely comparing the two segments, the Court finds that there are no substantial similarities, intrinsically or extrinsically, between the two works based on protectable elements. With regard to the objective test, a comparison of Defendant's materials against Plaintiff's materials shows that the plot, dialogue, mood, and setting are not substantially similar. Further, this Court agrees with the Magistrate Judge's conclusion that although the two works share the themes of middle-aged children caring for aging parents, they do so in significantly different ways and from importantly different points of view. While, Defendant's work provides an intimate glimpse into lives of real families and presents personal portraits, Plaintiff's approach is to present solutions and equip viewers with tools to confront the issue of aging parents.

### b. *Subjective Test*

Because of the clear lack of similarity in plot, theme, or mood, the Magistrate Judge concluded that it was evident that the works were intrinsically dissimilar. This Court agrees that the public would view Defendant's works as personal and community interest news stories, focusing on several issues faced by a single person's experience. In contrast, a reasonable audience would receive Plaintiff's works as an instructional video with statistics and "how to" advice from medical professionals, lacking the personal "one-on-one" connection reflected by Defendant's materials. This Court also finds that the distinct total concept and feel of the two works demonstrate that Plaintiff's claim is insufficient to satisfy the subjective test for substantial similarity.

There is no copyright in the ideas and themes that Plaintiff seeks to protect. This Court agrees with the Magistrate Judge's findings that the copyright claim fails, as a matter of law,

under both the objective extrinsic test and the subjective intrinsic test as a matter of law and Defendant is entitled to dismissal of Plaintiff's copyright infringement claim.

## B. Breach of Contract (Count II)

Defendant argues that the Magistrate Judge erred in recommending that Plaintiff's breach of contract claim not be dismissed. In his Report, the Magistrate Judge concluded that Plaintiff sufficiently alleged the required elements of a breach of contract claim and that such contract claim is not preempted by the Copyright Act. Defendant first objects to the finding that Plaintiff sufficiently pled breach of contract. Defendant argues that Plaintiff's Amended Complaint fails to establish that there was in fact a valid contract and, even if there was a valid contract, Plaintiff has not alleged sufficient facts of a breach. Defendant also objects to the Magistrate Judge's finding that, even if there was a contract and it was breached, the contract was not preempted by the Copyright Act. While the Court agrees with the Magistrate Judge's conclusion that the breach of contract claim in the instant case would not be preempted, the Court nevertheless finds that Plaintiff has failed to sufficiently allege a viable breach of contract claim.

The essential elements to plead a cause of action for breach of contract are as follows: (1) formation of a contract between plaintiff and defendant; (2) performance by plaintiff; (3) defendant's failure to perform; and (4) resulting damage. *Clearmont Property, LLC v. Eisner*, 58 A.D.3d 1052, 1055 (N.Y. App. Div. 2009); *Sunrise Continuing Care, LLC v. Wright*, 671 S.E.2d 132, 154 (Va. 2009).[3] The complaint must set forth the provisions of the contract and the terms of agreement upon which liability is predicated, either by express reference or by attaching a copy of the contract. The Report found that Plaintiff sufficiently pled the elements of a breach of

---

[3] It is not clear where the offer was made; however, both New York and Virginia law essentially require the same elements for a legally enforceable contract.

contract claim, namely that Plaintiff "alleged the existence of a valid contract . . . alleges a breach of this valid contract . . .[and] clearly alleges damages." (Report & Recommendation at 19.) In recognizing the existence of a valid contract, however, the Report fails to identify where, in Plaintiff's Amended Complaint, sufficient facts were alleged to establish such contract.

The proponent of an oral contract has the burden of proving the existence and terms of a valid and enforceable contract. *Towers v. Doroshaw*, 159 N.Y.S.2d 367, 375 (N.Y. Sup. Ct. 1957); *Richardson v. Richardson*, 392 S.E.2d 688, 690 (Va. App. 1990). To establish the existence of an enforceable agreement, a plaintiff must establish an offer, acceptance of the offer, consideration, mutual assent, and an intent to be bound. *Kowalchuk v. Stroup*, 873 N.Y.S.2d 43, 46 (N.Y. App. Div. 2009); *see Marefield Meadows, Inc. v. Lorenz*, 427 S.E.2d 363, 365 (Va. 1993). While an offer normally may be revoked at any time prior to acceptance, the moment of acceptance is the moment the contract is created. *Kowalchuk*, 873 N.Y.S.2d at 47. As a general rule, in order for an acceptance to be effective, it must comply with the terms of the offer and be clear, unambiguous, and unequivocal. *Id.* (citing *King v. King*, 208 A.D.2d 1143, 1154-44 (N.Y. App. Div. 1994)).

Absent from Plaintiff's Amended Complaint is the allegation that she accepted Defendant's offer and created a legally enforceable agreement, a necessary ingredient for a breach of contract claim. In the Amended Complaint, Plaintiff makes various statements, none of which plead facts to support the existence of an enforceable contract. Plaintiff begins by alleging that she "engaged in discussion with [Defendant] regarding [Defendant's] use of her programming plan and materials . . . ." (Am. Compl. ¶ 16.) Plaintiff further states that she "engaged in initial discussions with Jay Linden . . . who expressed interest in the possibility of [Defendant] acting as a distribution partner . . ." and that "[Plaintiff] provided to Linden copies

of the materials . . . ." (Am. Compl. ¶ 17.) Plaintiff also alleges "continuous discussions" that "were conducted through various means" and states that, as a result of the discussions, "[Defendant] promised [Plaintiff] remuneration in an amount of . . . $750,000 in return for [Defendant's] rights to use the materials." (Am. Compl. ¶ 24.) However, Plaintiff admits that "the collaboration as discussed with [Defendant] did not come to fruition . . ." and that "Defendant informed her that it would not be using her materials." (Am. Compl. ¶¶ 25, 26.) Finally, Plaintiff confirmed that she issued a letter to Linden "memorializing the fact that the negotiations had ceased . . . ." (Am. Compl. ¶ 27.)

The sequence of events, as introduced by Plaintiff, sufficiently allege that Defendant made an offer; however, Plaintiff's Amended Complaint is void of an assertion of an acceptance. A thorough reading of the complaint does not show acceptance and, at most, conveys prolonged and unsuccessful negotiations. Plaintiff's breach of contract claim is nothing more than a formulaic pleading and the facts alleged are inconsistent with, and contrary to, the existence of a valid contract. In fact, in Plaintiff's own words, she acknowledges that no contract was formed, and stated that "neg[otia]tions had failed [and] that she retained all rights to her work." (Am. Compl. ¶ 27.)

Despite Plaintiff's argument that she and Defendant had an agreement regarding the use of her materials, the Court agrees with Defendant that the parties were involved in discussions but that such discussions never resulted in an express agreement. Plaintiff has failed to allege sufficient facts to support the allegation that the parties entered into an express agreement. Accordingly, the Court rejects the Magistrate's finding that Plaintiff has sufficiently pled a breach of contract claim, and such claim is dismissed for failure to sufficiently state a cause of action. Because Plaintiff has failed to state a claim for which relief has been granted, whether

this claim is preempted by the Copyright Act is irrelevant, and the objection regarding preemption is therefore denied as moot.

## C. Breach of Implied Contract (Count III)

The Magistrate Judge recommended dismissal of Plaintiff's breach of implied contract claim because the action satisfied both prongs of the preemption test and was "clearly preempted by the Copyright Act." (Report & Recommendation at 21.) Plaintiff did not object to this recommendation. After a careful review of Plaintiff's Amended Complaint, and no objection having been filed, the Court adopts this part (Part III.C) of the Report. Therefore, Plaintiff's breach of implied contract claim shall be dismissed.

## D. Conversion (Count IV)

Plaintiff claims the Magistrate Judge erred in finding that Plaintiff's conversion claim was insufficient to survive Defendant's Motion to Dismiss. Plaintiff makes no further argument in support of this position. Plaintiff does not disagree that her conversion claim is preempted, nor does she disagree with the Magistrate Judge's Report regarding the applicable law on conversion. Moreover, Plaintiff agrees that she voluntarily provided the materials to Defendant and that she did not request their return. Rather, Plaintiff's only argument to support her objection is that, even though she did not demand the materials be returned, Defendant was on notice that its use of the physical objects that remained in its possession created liability for common law conversion.

As stated in the Report, "conversion requires the 'unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights.'" (Report & Recommendation at 23 (citing *State of New York v. Seventh Regiment Fund*, 774 N.E.2d 702, 710 (N.Y. 2002))). Despite Plaintiff's objections, she has been unable to

13

establish that Defendant's possession was unauthorized or that the materials were possessed to the exclusion of Plaintiff's rights. In her objection, Plaintiff concedes that she voluntarily provided Defendant with the materials and did not request their return; however Plaintiff conclusively states that she "placed [Defendant] on notice that any use of the materials was a use of the materials to the exclusion of [Plaintiff] and . . . against the interests of [her] rights," thus creating liability. (Pl.'s Objection at 19.) This Court find's Plaintiff's argument unpersuasive and agrees with Defendant's assertion that "Plaintiff offers no legal basis for sustaining her claim for conversion based on Defendant's physical retention of the tangible materials." Accordingly, this Court adopts the Magistrate Judge's finding that Plaintiff's conversion claim should be dismissed for failure to sufficiently state a cause of action.

## IV. CONCLUSION

The Court does hereby Adopts in Part and Rejects in Part the findings and recommendations set forth in the report of the United States Magistrate Judge filed December 5, 2008, and it is therefore **ORDERED** that Defendants Motion to Dismiss be **GRANTED** on all claims.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion & Order to all counsel of record.

**IT IS SO ORDERED.**

Raymond A. Jackson
United States District Judge

Norfolk, Virginia
March 3/ , 2009

14