IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CYNTHIA DONN TESSLER,

      Plaintiff,

v.                                      Civil Action No. 2:08cv234

NBC UNIVERSAL, INC.,

      Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S**
**MOTION FOR PREVAILING PARTY COSTS AND ATTORNEYS FEES**

Defendant NBC Universal, Inc. ("NBC"), by counsel, respectfully moves this Court, pursuant to the Copyright Act, 17 U.S.C. § 505 and Federal Rule of Civil Procedure 54(d), for an award of costs and attorney's fees, as a prevailing party in the above-captioned action.  Because the Court has reviewed the record in this case in granting NBC's Motion to Dismiss the Complaint, this memorandum will assume general familiarity with the facts of this case.

## PRELIMINARY STATEMENT

Plaintiff Cynthia Donn Tessler ("Plaintiff") claimed that an *NBC Nightly News* series about the personal experiences of NBC News journalists, such as Tom Brokaw and Brian Williams, and viewers caring for their aging parents copied her "copyrighted and proprietary materials" relating to a proposed program about "the issues related to adult children having to interact with and care for their aging parents."  In her Amended Complaint and in her opposition to NBC's Motion to Dismiss, Plaintiff did not identify a single original phrase or image in her materials that appeared in the NBC News series.  Nor did she identify any protected expression in her materials that also appeared in *Trading Places*.   Her copyright claim was based entirely on the untenable position that NBC infringed her copyright because both works were based on the same unprotectable idea – adult children caring for aging parents – and included certain stock elements and *scenes a faire* required to report on that topic.

Well before this litigation began, NBC explained to various counsel for Plaintiff that she could not come close to showing the requisite substantial similarity in protectible expression between her works and *Trading Places* to state a claim for copyright infringement.  In multiple letters, NBC cited relevant case law on point, and in particular noted repeatedly that Plaintiff's claims appeared to be based solely on a similarity of unprotected ideas rather than expression. NBC also made clear to Plaintiff that it would seek attorney's fees if she pursued her meritless claim.  Declaration of Hilary Lane ("Lane Decl.") at ¶ 6 filed in support of this Motion.  Despite

NBC's efforts to avoid this unnecessary litigation, Plaintiff filed a complaint against NBC seeking damages for copyright infringement.[1]

NBC moved to dismiss Plaintiff's claims.   In a Report and Recommendation dated December 5, 2008 (the "Magistrate Report"), Magistrate Judge Miller recommended, among other things, that this Court grant NBC's motion to dismiss Plaintiff's copyright claim on the grounds that *Trading Places* was not substantially similar to any protected elements of Plaintiff's Materials.[2]  *See* Report and Recommendation of United States Magistrate Judge (the "Magistrate Report") (Dkt. No. 25) at 9-13.   Based on his review of the materials, Magistrate Judge Miller concluded that "categorical differences" rendered the works both extrinsically and intrinsically dissimilar.  Magistrate Report at 14.  Among other things, he found that (1) the dissimilarities between *Trading Places* and Plaintiff's materials were "striking," (2) the works "employ distinct themes" and "produce distinct moods," (3) the Court could not find any similarity of dialogue or settings between the works, and (4) the characters were not substantially similar.   In short, Magistrate Judge Miller could not identify any similarity of protected expression between the works.

Judge Miller rejected Plaintiff's attempt to manufacture similarities, finding that the purported similarities identified by Plaintiff consisted of unprotected stock elements and *scenes a faire.  See, e.g.,* Magistrate Report at 12 ("emotional mood is an example of *scenes of faire,*

---

[1] Plaintiff also asserted claims for breach of contract, breach of implied contract and conversion.

[2] Magistrate Judge Miller also recommended that the Court grant NBC's Motion to dismiss Count III (breach of implied contract) and Count IV (conversion) of the Amended Complaint.   Magistrate Judge Miller recommended that the Court deny NBC's Motion with respect to Count II (breach of contract).  Plaintiff objected to the Report and Recommendation insofar as it recommended that the Court grant NBC's motion to dismiss Plaintiff's copyright claim and her claim for conversion. NBC separately objected to the Report and Recommendation as it pertained to Count II of the Amended Complaint.  Since the allegations of all of these state law counts were based in large part upon the very same allegations set forth in the Copyright claim, NBC has claimed all its fees in seeking to have the claims dismissed.

merges into the general topic, and is not eligible, as a matter of law, for protection") and 13 (setting inside a home or a doctor's office and characters such as middle aged children, elderly parents and subject matter experts are unprotected *scenes a faire* and stock elements). As a result, Magistrate Judge Miller found that Plaintiff could not satisfy the objective test. He also found that the "distinct 'total concept and feel' of the two works demonstrated that Tessler's claim could not satisfy the subjective test." Magistrate Report at 13-14.

Plaintiff objected to the Magistrate Report insofar as it recommended that this Court grant NBC's motion to dismiss her copyright claim. In a Memorandum, Opinion and Order dated March 31, 2009 (the "District Court Order"), this Court agreed with Magistrate Judge Miller's findings that Plaintiff's copyright claim fails as a matter of law. Specifically, this Court found that "there are *no* substantial similarities, intrinsically or extrinsically, between the two works based on protectable elements." District Court Order at 8-10 (emphasis supplied). The Court also held that "while the works share the themes of middle-aged children caring for aging parents, they do so in *significantly different ways and from importantly different points of view*." District Court Order at 9 (emphasis supplied). With respect to the subjective test, this Court agreed with Magistrate Judge Miller that the "distinct total concept and feel of the works demonstrate that Plaintiff's claim is insufficient to satisfy the subjective test for substantial similarity." District Court Order at 9. The Court concluded that "there is no copyright in the ideas and themes that Plaintiff seeks to protect." *Id.*

The Copyright Act expressly provides that the Court may award full costs, including reasonable attorney's fees, to the prevailing party in a copyright action. 17 U.S.C. § 505. In deciding such a motion, courts consider the objective unreasonableness of the legal and factual positions advanced by the non-prevailing party, as well as other factors such as whether awarding fees would advance considerations of deterrence. As the Magistrate Judge's Report

and the District Court's Opinion make clear, Plaintiff's claims clearly were not only objectively unreasonable, they were patently frivolous.  NBC repeatedly advised Plaintiff that there was no legitimate basis for her copyright claim long before the complaint was filed.  Plaintiff nevertheless insisted on going forward with her meritless claim, forcing NBC to retain counsel in Norfolk, unnecessarily incur attorney's fees and costs, and devote substantial internal resources to the defense of this matter that could have been devoted to other matters.

## ARGUMENT

## I.

## THE COPYRIGHT ACT AUTHORIZES THE COURT TO AWARD ATTORNEY'S FEES TO NBC

The Copyright Act expressly provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof.  Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505.[3]  The decision to award attorney's fees to the prevailing party under this statute rests within the sound discretion of the Court.  *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994); *Bond v. Blum*, 317 F.3d 385, 397 (4th Cir. 2003); *Tavory v. NTP, Inc.*, No. 3:06-CV-628, 2007 U.S. Dist. LEXIS 75062, *2 (E.D.Va. Oct. 9, 2007), *aff'd*, No. 2008-1090, 2008 U.S. App. LEXIS 23092 (4th Cir. Oct. 28, 2008), *cert. denied*, 2009 U.S. LEXIS 2379 (U.S. Mar. 30, 2009).

Prior to *Fogerty*, prevailing plaintiffs were routinely awarded attorney's fees but prevailing defendants were required to establish plaintiff's bad faith.  The *Fogerty* Court erased this distinction, and held that "prevailing plaintiffs and prevailing defendants are to be treated alike."  510 U.S. at 534.  The Court emphasized that both prevailing plaintiffs and defendants uphold the purposes of the Copyright Act, albeit in different ways:

---

[3] In addition to this statutory language, costs may be awarded under F.R.C.P. 54(d), which provides for an award of costs "as of course unless the court directs otherwise."

> The primary purpose of copyright is not to reward the labor of authors, but [t]o promote the "Progress of Science and the useful Arts." To this end, copyright assures authors the right to their original expression, but encourages others to build freely upon the ideas and information conveyed by a work.

*Fogerty*, 510 U.S. at 527. As a necessary corollary, "defendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement." *Id.* Thus, the Supreme Court specifically held that "a successful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of a copyright," and should have the same right to recover its attorney's fees and costs. *Id.* This reasoning is directly applicable to this case, where plaintiff sought to monopolize ideas and information freely available for all to use, such as the concept of adult children caring for their aging parents.

The *Fogerty* Court identified certain non-exclusive factors to guide courts in the exercise of their discretion, including: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 535 n.19. *See also Diamond Star Bldg. Corp. v. Freed*, 30 F.3d 503, 505 (4th Cir. 1994); *Rosciszewski v. Arete Assoc., Inc.*, 1 F.3d 225, 234 (4th Cir. 1993). Application of these factors must be faithful to the purposes of the Copyright Act. *Id.*

The Fourth Circuit and district courts within the Fourth Circuit frequently have awarded fees to prevailing defendants since *Fogerty*. *E.g.*, *Diamond Star Bldg. Corp.*, 30 F.3d 503; *Bond*, 317 F.3d 385; *Ale House Mgmt., Inc. v. Raleigh Ale House, Inc.*, 205 F.3d 137, 144 (4th Cir. 2000); *Cramer v. Crestar Fin. Corp.*, No. 94-2629, No. 95-1069, 1995 U.S. App. LEXIS 25906, **19-21 (4th Cir. Sept. 13, 1995); *Tavory*, 2007 U.S. Dist. LEXIS 75062, *2; *Gardendance, Inc.*

*v. Woodstock Copperworks, Ltd.*, 1:04CV00010, 2006 U.S. Dist. LEXIS 7713 (M.D.N.C. Feb. 8, 2006)**.**  In making this determination, courts in this Circuit consider "(1) the motivation of the parties; (2) the objective reasonableness of the legal and factual positions advanced; (3) the need in particular circumstances to advance considerations of compensation and deterrence; and (4) any other relevant factor presented."  *Rosciszewski,* 1 F.3d at 234.

Here, there can be no doubt that Plaintiff's copyright claim was objectively unreasonable, and that she was well aware of that fact before she filed her complaint.  Nor can there be any doubt that awarding attorney's fees to NBC would further considerations of compensation and deterrence.  In addition, because she was warned by NBC in great detail in advance of filing her copyright claim of its fatal deficiencies, Tessler's decision to file the claim with full notice of the risks involved and gamble that the unfounded claim would survive should not be rewarded.   For these reasons, NBC respectfully submits that NBC is entitled to an award of attorney's fees in this case.[4]

## A.      Plaintiff's Claim was Objectively Unreasonable

In evaluating the objective reasonableness factor, courts consider whether plaintiff has asserted a frivolous or legally unfounded claim.  *Diamond Star Bldg. Corp.*, 30 F.3d at 504; *Cramer*, 1995 U.S. App. LEXIS 25906.  The Fourth Circuit has held that, where a party took a

---

[4] At present, because there was no discovery taken in this matter, NBC is not aware of any evidence that Plaintiff acted in bad faith in asserting her claim.  The absence of bad faith, however, does not alter the conclusion that NBC should be awarded attorney's fees.  Courts have granted fees to prevailing defendants upon a showing of the plaintiff's objective unreasonableness in bringing the claim, even in the absence of bad faith motivation.  *See, e.g., Diamond Star Bldg. Corp.*, 30 F.3d at 506; *Rosciszewski*, 1 F.3d at 234 (holding "the presence or absence of [bad faith] motivation is not necessarily dispositive" to an award of attorney fees); *accord, Bond v. Blum*, 317 F.3d at 398 (ruling that attorney's fees may be awarded even if a losing party's position was not frivolous).  Moreover, given that NBC warned Tessler in great detail in advance of filing her copyright claim of its fatal deficiencies, Tessler's decision to file the claim with full notice of the risks involved strongly supports awarding NBC costs and fees in this matter.

"patently frivolous position" and pursued "a piece of litigation that should never have been brought," attorney's fees must be awarded:

> [W]hen a party has pursued a patently frivolous position, the failure of a district court to award attorney's fees and costs to the prevailing party will, except under the most unusual circumstances, constitute an abuse of discretion… . [W]e note that the goal of deterring a party from pursuing frivolous litigation is furthered by the imposition of attorney's fees and costs….

*Diamond Star Bldg. Corp.*, 30 F. 3d at 506. S*ee also Bond*, 317 F.3d at 398 (awarding attorney's fees because plaintiff's claim was "not a close one" and its position was "frivolous").

Attorney's fees may be awarded *even if* Plaintiff's position was not frivolous. *Bond,* 317 F.3d 398. A claim may be deemed "objectively unreasonable" where there are "significant concerns about … the reasonableness and factual bases upon which" a plaintiff's claim is asserted. *Cramer*, 1995 U.S. App. LEXIS 25906 at *21. Further, where, as here, a court dismisses a claim based on the lack of substantial similarity between the parties' respective creative works, courts routinely award attorney's fees.[5] *See, e.g., Torah Soft Ltd. v. Drosnin*, No. 00Civ. 5650 (JCF), 2001 U.S. Dist. LEXIS 19217, **12-13 (S.D.N.Y. Nov. 27, 2001) (awarding fees where similarities related to "obvious, garden variety or routine selections," "commonplace or stock features," ideas and other unprotectable elements); *see also Earth Flag Ltd. v. Alamo Flag Co.*, 154 F. Supp. 2d 663, 670 (S.D.N.Y. 2001) (awarding fees where similarities between works concerned only non-copyrightable elements); *Adsani v. Miller*, No. 94 Civ. 9131 (DLC), 1996 U.S. Dist. LEXIS 13740 (S.D.N.Y. Sept. 19, 1996) (awarding fees where, after analyzing plaintiff's various inaccuracies and "extravagant allegations of substantial similarity," court

---

[5] No reported case in this Circuit has discussed the specific issue of substantial similarity and attorney's fees. The cases cited above are from the Second Circuit, which applies the same four-step test for attorney's fees articulated by the Supreme Court in *Fogerty* and adopted by the Fourth Circuit in *Rosciszewski v. Arete Associates, Inc.*, 1 F.3d at 234. *See, e.g., Crescent Publ'g Group, Inc. v. Playboy Enter., Inc.*, 246 F.3d 142, 147 (2d Cir. 2001). Thus, the Second Circuit cases provide persuasive authority.

concluded that, beyond the most general similarities, the books bore almost no relationship to each other); *Littel v. Twentieth Century Fox Film Corp.*, No. 89 Civ. 8526 (DLC), 1996 U.S. Dist. LEXIS 454 (S.D.N.Y. Jan. 17, 1996) (awarding fees where, although book and movie were both titled "Predator" and were "action-packed," they bore no resemblance to one another in terms of setting, plot, sequence or individual scenes).

As the District Court Order and the Magistrate Report make clear, there was no legitimate basis for Plaintiff to claim that *Trading Places* infringed her copyrighted works. Both this Court and Magistrate Judge Miller concluded that there were *no* similarities, much less substantial similarities, of protected expression in the works. Neither found in Plaintiff's favor on a single element of either prong of the substantial similarity test. With respect to each of the six objective factors, both this Court and Magistrate Judge Miller held that the works were not substantially similar. *See* Magistrate Report at 9-13; District Court Order at 8-9. The language used by Magistrate Judge Miller and this Court makes clear that this was not a close call. Magistrate Judge Miller characterized the differences between the works as "distinct," "striking," and "categorical." Magistrate Report at 10, 12 and 13. This Court found that the works expressed the idea of middle-aged children caring for aging parents "in significantly different ways and from importantly different points of view." District Court Order at 9. The District Court summed up the fundamental differences between the expression of the ideas: "While Defendant's work provides an intimate glimpse into the lives of real families and presents personal portraits, Plaintiff's approach is to present solutions and equip viewers with tools to confront the issue of aging parents." *Id.*

The ruling of this Court and Magistrate Judge Miller with respect to the subjective test confirms that Plaintiff's copyright claim was objectively unreasonable. Both found that the total concept and feel of the works was "distinct." Magistrate Report at 14; District Court Order at 9.

Further, both Magistrate Judge Miller and this Court concluded that the public would view Plaintiff's work as a "how-to" "instructional video," in "clear contrast" to the "personal and community interest news stories" in *Trading Places. Id.*

Plaintiff's own submissions also make clear that her copyright claim was based entirely on unprotected ideas, stock elements and *scenes a faire.* In response to NBC's motion, she did not, because she could not, identify any protected elements that appeared in her works and *Trading Places.* Instead, she offered bald assertions and identified general unprotected ideas or elements, most of which are necessary for any report on the topic of caring for aging parents. She also mischaracterized her own works in an effort to manufacture similarities. However, even those alleged similarities were mere ideas, not protected expression. As a result, both Magistrate Judge Miller and this Court rejected her arguments, and this Court concluded that "[t]here is no copyright in the ideas and themes that Plaintiff seeks to protect." Opinion at 9.

Given the unequivocal rejection of every element of Plaintiff's copyright claim as a matter of law, there can be no doubt that her claim raised significant concerns about its legal and factual basis and arguably was patently frivolous. Her claim therefore was objectively unreasonable. An award of attorney's fees is appropriate on this basis alone.

**B.      An Award of Attorney's Fees Would Further Deter Similar Meritless Actions**

Awarding fees also would further considerations of compensation and deterrence. From the start it was clear that Plaintiff's claims were based on unprotectable ideas. For this reason, NBC repeatedly made clear to Plaintiff that there was no legal or factual basis for her to assert a copyright claim. *See* Lane Decl. ¶ 6. Plaintiff nevertheless insisted on pursuing her claim. Magistrate Judge Miller and this Court both agreed that there were no similarities of protected expression between the works and that the differences between the works were "distinct," "striking," "categorical" and "important."

This case is exactly the type of case the Supreme Court envisioned when it held in *Fogerty* that awarding attorney's fees to prevailing defendants may be necessary to promote the policies of the Copyright Act.  By propounding a copyright claim predicated on nothing more than general ideas, themes or plots – all unprotected under the Copyright Act – plaintiff's claims were patently unreasonable and sought to undermine core principles of copyright. *See, e.g., Eaton v. Nat'l Broad. Co.*, 972 F. Supp. 1019, 1027 (E.D. Va. 1997) ("general ideas, themes, or plots are not eligible for copyright protection"), *aff'd*, 145 F.3d 1324 (4th Cir. 1998).  Thus, NBC's stance in this action furthered the policies of the Act by serving the strong public interest in vigorously defending meritless copyright claims, which seek to extend an author's monopoly far beyond the protections afforded under the Act.

Awarding fees would compensate NBC for the time, money and resources spent defending this meritless claim and deter future baseless actions.

### C.  Other Relevant Factors

The fact that NBC succeeded on every claim brought by Tessler is an additional, relevant factor that suggests that an award of attorney's fees is appropriate.  *Tavory v. NTP, Inc.*, 2007 U.S. Dist. LEXIS 75062, at *6 ("The fact that NTP succeeded on every claim brought by Tavory suggests that an award of attorneys fees is appropriate.").  This is especially compelling given that the Court dismissed all of Plaintiff's claims on a motion to dismiss.  Further, NBC warned Plaintiff of the deficiencies in her claim *in detail and in advance of Tessler filing her claims.* These factors make the award of such costs and fees all the more appropriate.

## II.

## NBC'S ACTUAL ATTORNEY'S FEES IN THIS CASE ARE REASONABLE

The accompanying supporting declarations of Stephen E. Noona, Hilary Lane and

David N. Ventker make clear that the fees NBC seeks are reasonable. In making this determination, courts apply the factors established by the Fourth Circuit in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978): "(1) the time and labor expended; (2) the novelty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between the attorney and client; and (12) attorney's fees awards in similar cases." (collectively, "Kimbrell Factors") *Id.* at 226 n. 28; *see also Nigh v. Koons Buick Pontiac GMC, Inc.*, 478 F.3d 183, 189 (4th Cir. 2007).

When considering an award of costs and attorney's fees under this standard, the Court may award fees for both outside and in-house counsel's efforts. Courts, including the Fourth Circuit, have not hesitated to award fees to in-house counsel in copyright cases. *See Bond v. Blum*, 317 F.3d at 400 (holding that lawyers who represented their own firm in defending copyright matter were entitled to fees and observing that "in-house counsel representing the corporation for whom they work may also be awarded attorney's fees") (citing *Textor v. Bd. of Regents of N. Ill. Univ.*, 711 F.2d 1387, 1396 (7th Cir. 1983)). As one federal district court observed, "[i]t is well-settled that attorneys' fees and costs should be awarded for litigation performed by in-house counsel if such fees would be awarded for the same work performed by outside counsel." *Video-Cinema Films, Inc. v. Cable News Network, Inc.*, Nos. 98 Civ. 7128, etc., 2004 WL 213032, *6 (S.D.N.Y. Feb. 3, 2004) (citing *Blum v. Stenson*, 465 U.S. 886 (1984)). The rationale for this well-settled rule is that in-house counsel's time is an asset the

company could have been deploying in other ways if not actively involved in the litigation at issue. *Matthew Bender & Co., Inc. v. West Publishing Co.*, No. 94 CIV. 589 JS, 1999 WL 1211836, *3 (S.D.N.Y. Dec. 16, 1999) (awarding fees to general counsel of prevailing party and observing that, "[t]here is no reason [to] punish Hyperlaw for choosing to have its general counsel do some of the work on this case. Mr. Sugarman's time was an asset the company could have used in other ways had he not been involved in this litigation."), *vacated and remanded on other grounds*, 240 F.3d 116 (2d Cir. 2001). Indeed, this Court itself has recognized in-house counsel's entitlement to fees under a federal fee-shifting statute. *See*, *JTH Tax, Inc. v. H&R Block E. Tax Serv., Inc,* 128 F. Supp. 2d 926, 947 (E.D. Va. 2001) (Jackson, J.) (holding in false advertising case that, "Defendants will pay attorneys' fees for Plaintiffs' in-house counsel, Mr. Khalil, as well as the outside counsel"), *aff'd in part and vacated in part on other grounds*, 2002 WL 27257 28 Fed. Appx. 207 (4th Cir. Jan. 10, 2002).

In the instant matter, Ms. Hilary Lane, in-house counsel for NBC, "took an active co-counsel role, often writing the original drafts of major pleadings and supporting documents. Ms. Lane, who also has submitted a declaration in this matter, is well qualified, highly competent and has specialized experience in copyright matters. Ms. Lane took an active role in all substantive issues of the case." Declaration of Stephen E. Noona ("Noona Decl.") at ¶ 7. The use of Ms. Lane as a co-counsel increased the efficiencies and reduced the fees incurred in this matter. Noona Decl. at ¶ 7; Declaration of David N. Ventker ("Ventker Decl.") at ¶ 8.

Applying the Kimbrell factors to this matter, there is no doubt that the fees incurred are reasonable. Ventker Decl. ¶ 8. The work performed by NBC's outside and inside counsel in responding to plaintiffs' groundless claims of infringement was substantial. *See* Noona Decl. ¶¶ 8-13; Lane Decl. ¶¶ 4-5; Ventker Decl. ¶ 8. The subject matter was copyright law (involved in all claims directly or derivatively) which is a highly specialized area of the law in which each of

the lead counsel are specifically qualified.   *See* Noona Decl. ¶¶ 3-8; Lane Decl. ¶¶ 3-5; Ventker

Decl. ¶¶ 4, 8. While the principles of this complex case were not novel, the application of those

principles in a motion to dismiss context presented some novel issues for the courts of this

Circuit.   Noona Decl.   ¶8.   In addition, the matter involved reviewing and analyzing multiple

works, including three different sets of multi-media materials Plaintiff claimed were infringed by

*Trading Places* and multiple episodes of *Trading Places,* under complex copyright law, several

rounds of briefing before both Magistrate Judge Miller and this Court, and a major oral

argument. *Id.* Further, the motion required expertise and experience in defending copyright

claims; highly qualified and specialized lawyers; posed obvious opportunity costs for such

qualified counsel; and the rates charged by Kaufman and Canoles (and Ms. Lane as she adopted

Stephen Noona's rate despite garnering a higher rate in her New York market) are in line with

prevailing rates for experienced intellectual property litigators in this market.   Ventker Decl. ¶ 8;

Noona Decl. ¶ 8, 11-18; Lane Decl. ¶ 5; *Yurman Designs, Inc. v. PAJ, Inc.*, 125 F. Supp. 2d 54,

57-58 (S.D.N.Y. 2000) (comparing requested rates of "sophisticated mid-sized New York City

law firms involved in an intellectual property case" to those of large or specialty New York City

firms; approving rates "commensurate with the rates prevailing in the community for similar

services by lawyers of reasonably comparable skill, experience, and reputation"), *aff'd*, Nos.01-

7043, 01-7093, 2002 WL 200242 (2d Cir. Feb. 8, 2002)**.**

In addition, the amounts sought are reasonable given that Plaintiff alleged and demanded

damages in an amount of no less than thirty million ($30,000,000).   Ventker Decl. ¶ 8; Noona

Decl. ¶¶ 12-13; Lane Decl. ¶¶ 4-5.   The reasonableness of the costs and fees sought also is

buttressed by the efforts of counsel to streamline and efficiently staff this matter, Ventker Decl.

¶ 8; Noona ¶¶ 7, 12-13; Lane Decl. ¶¶ 4-5; by counsel attacking the Plaintiff's claims creatively

and early at the motion to dismiss stage thus avoiding costly discovery and the other substantial

expenses of protracted litigation, Ventker Decl. ¶ 8; Noona Decl. ¶ 13; and by seeking only some of the fees incurred by in-house counsel.  Lane Decl. ¶¶ 4-5.  Overall, as concluded by NBC's independent expert:

> the rates and amounts charged [ ] for legal services on behalf of NBC in this matter are in every respect fair, reasonable and consistent with the fees charged by attorneys in this market with the same level of training, experience and skill for the circumstances of this case.  Having reviewed the documents prepared in this matter and the billing records, I see no evidence of duplicative or repetitive work product, and it is evident to me that the case has been appropriately and efficiently staffed.  In my experience, many other firms in the area would have charged considerably more to obtain the results which have been obtained in this matter on behalf of NBC.

Ventker Decl. ¶ 8.

Having prevailed completely, NBC is entitled under 17 U.S.C. § 505 to recover its full attorney's fees of $59,799.53, with recoverable costs of $188.32 and, further to recover the costs of this motion for fees as well.[6] *See, e.g., J. S. Nicol, Inc. v. Peking Handicraft, Inc*., No. 03 CIV 1548, 2008 U.S. Dist. LEXIS 32608 (S.D.N.Y. Apr. 18, 2008).

## CONCLUSION

NBC respectfully submits that the Court should grant its motion for costs and attorney's fees under 17 U.S.C. § 505 and F.R.Civ. P. 54(d).

Dated:  April 13, 2009

Respectfully submitted,

   /s/ Stephen E. Noona

---

[6] NBC will submit a supplemental declaration with these additional fees and costs at an appropriate time.  All of the fees and costs incurred in this matter related to the copyright claim as the other related claims and NBC's defenses to those claims were derivative of the copyright claim (e.g., preemption of state law claims).  As a result, this Court should award all of the fees and costs incurred.  To the extent that the Court decides otherwise, efforts to dismiss those claims for non-copyright law related reasons accounted for no more than ten percent (10%) of the total fees incurred.  Noona Decl. ¶ 14.

Stephen E. Noona
VSB No. 25367
Kristan B. Burch
VSB No. 42640
R. Johan Conrod, Jr.
VSB No. 46765
*Counsel for Defendant NBC Universal, Inc.*
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA  23510
Telephone:  (757) 624-3000
Facsimile:   (757) 624-3169
senoona@kaufcan.com
kbburch@kaufcan.com
rjconrod@kaufcan.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2009, I will electronically file the foregoing with the

Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to

the following:

>Duncan G. Byers
>VSB No. 48146
>Duncan G. Byers, P.C.
>142 W. York Street, Suite 910
>Norfolk, VA  23510
>Telephone:  (757) 227-3340
>Facsimile:   (757) 227-3341
>duncan.byers@byers-ip.com


>   /s/ Stephen E. Noona
>Stephen E. Noona
>VSB No. 25367
>Kristan B. Burch
>VSB No. 42640
>R. Johan Conrod, Jr.
>VSB No. 46765
>*Counsel for Defendant NBC Universal, Inc.*
>KAUFMAN & CANOLES, P.C.
>150 West Main Street, Suite 2100
>Norfolk, VA  23510
>Telephone:  (757) 624-3000
>Facsimile:   (757) 624-3169
>senoona@kaufcan.com
>kbburch@kaufcan.com
>rjconrod@kaufcan.com

1464097\2

16