IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CYNTHIA DONN TESSLER

    Plaintiff,

v.                                                                                              Civil Action No.: 2:08cv234

NBC UNIVERSAL, INC.

    Defendant.

## PLAINTIFF CYNTHIA DONN TESSLER'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT NBC UNIVERSAL'S MOTION FOR PREVAILING PARTY COSTS AND ATTORNEYS FEES

COMES NOW Plaintiff, Cynthia Donn Tessler ("Tessler") and for her Opposition to Defendant NBC Universal Inc.'s Motion for Prevailing Party Costs and Attorneys Fees, states as follows:

### FACTS

Plaintiff Cynthia Donn Tessler ("Tessler") filed her Complaint against defendant NBC Universal, Inc. ("NBC") (incorrectly identified as National Broadcasting Company, Inc. in the Amended Complaint) in this Court on May 20, 2008. At the request of counsel for NBC, and by Joint Motion filed June 25, 2008, the Parties agreed to amend the response schedule for NBC, and that Tessler's Amended Complaint would be filed on or before July 21, 2008. The Agreed Order was entered on July 14, 2008. Tessler filed her Amended Complaint on July 21, 2008, and NBC filed its Motion to Dismiss that is currently before the Court on August 1, 2008.

In NBC's Memorandum of Law in Support of NBC's Motion to Dismiss ("Memo Sup. Mtn. Dismiss"), NBC moved to dismiss Count I under Fed. R. Civ. P. 12(b)(6) and Counts II-IV as being preempted by federal law.

Tessler, in response, argued that NBC's position was a simplistic and incorrect gloss on Tessler's claim against NBC. Tessler's position was that, as outlined in her Amended Complaint (hereinafter referred to as the "Complaint"), she claimed and provided factual allegations against NBC sufficient to survive NBC's Fed. R. Civ. P. 12(b)(6) motion, those claims being as follows: 1) copyright infringement based upon NBC's intentional use, without permission, of Tessler's copyrighted materials, those materials constituting the protectible expression of ideas; 2) breach of contract; 3) breach of implied contract; and 4) conversion. In particular, Tessler has sufficiently pled that 1) she owns and holds registration for her video and written materials related to her programming "Parenting Your Parent;" 2) NBC had access to and copied Tessler's copyrighted materials; 3) NBC entered into contracts, both actual and implied, with Tessler and breached those contracts; and 4) NBC converted Tessler's materials in violation of Virginia common law.

Magistrate Judge Tommy Miller, in his Report and Recommendation, recommended that NBC's motion should be granted in part and denied in part. In particular, Judge Miller found sufficient cause to recommend the survival of Tessler's breach of contract claim, but not the copyright infringement claim, the claim for breach of implied contract, and the claim for conversion.

This Court's final Memorandum Opinion & Order and the Judgment in accordance with the Court's Order were entered by the Court on March 31, 2009. The Court found insufficient grounds for any of Tessler's claims to survive NBC's 12(b)(6) motion.

Subsequently, NBC filed its Motion for Prevailing Party Costs and Attorney's Fees and Memorandum of Law in Support of Defendant's Motion for Prevailing Party Costs and Attorneys Fees (hereinafter referred to as Mot. Costs and Fees and as Mem. Sup. Mot. Costs and Fees, respectively). As argued herein, NBC has not provided sufficient grounds for the Court to grant a discretionary award of attorney's Costs and Fees.

## ARGUMENT

### I. Applicable Legal Standard.

The Copyright Act provides that a "court may [ ] award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. §505. Prevailing plaintiffs and prevailing defendants are treated alike when awarding attorney's fees, "but attorney's fees are to be awarded to prevailing parties only as matter of the court's discretion." Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994).

The Fourth Circuit has identified four factors to guide a district court in determining whether to award attorney's Costs and Fees under 17 U.S.C. § 505: (1) the motivation of the parties; (2) the objective reasonableness of the legal and factual positions advanced, (3) the need in particular circumstances to advance considerations of compensation and deterrence, and (4) any other relevant factor presented. Rosciszewski v. Arete Associates., Inc., 1 F.3d 225, 234 (4th Cir. 1993). With regards to the factor (4), "any other relevant factors presented," a court may find relevant "the ability of the non-prevailing party to fund an award." Id. The court in the decision cited below by Defendant of Tavory v. NTP, Inc., 3:06CV-00628, 2007 U.S. Dist. LEXIS 75062 (E.D.Va., Oct. 9, 2007) noted that "the third and fourth Rosciezewski factors have rarely played an important role in the Fourth Circuit's analysis of attorney's fees awards. When the Fourth Circuit has discussed

compensation and deterrence, it has often conflated that factor with other relevant considerations. See, e.g., Bond, 317 F.3d at 398 . . ." Tavory v. NTP, Inc., 2007 U.S. Dist. LEXIS 75062, *2.

A review of the cases relating to the award of attorneys fees for copyright infringement cases shows that, while Fogerty provides that attorneys fees are equally available for both a prevailing plaintiff and a prevailing defendant, there is still a difference in the analysis. Where the prevailing party is the plaintiff, the relevant conduct is generally the defendant's infringement. Where the prevailing party is a defendant, the relevant conduct is generally the decision to bring the lawsuit and the conduct by the plaintiff during the course of the lawsuit. And, as the Fogerty court noted, "Congress legislates against the strong background of the American Rule," Fogerty, 510 U.S. 517, 533 (1994), and "attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." Id.

## II. Defendant Has Failed to Show Sufficient Justification for the Court to Award Costs and Fees.

### a. The Cases Relied Upon by Defendant are Distinguishable.

The cases cited by Defendant for the proposition that fees have been awarded to prevailing defendants include: Diamond Star Bldg. Corp. v. Freed, 30 F.3d 503 (4th Cir. 1994); Bond v. Blum, 317 F.3d 385 (4th Cir. 2003), Ale House Mgmt., Inc. v. Raleigh Ale House, Inc., 205 F.3d 137, 144 (4th Cir. 2000); Cramer v. Crestar Fin. Corp., No. 94-2629, No. 95-1069, 1995 U.S. App. LEXIS 25906, **19-21 (4th Cir. Sept. 13, 1995)); Tavory v. NTP, Inc., 3:06CV-00628, 2007 U.S. Dist. LEXIS 75062 (E.D.Va., Oct. 9, 2007), underlying case reported at Tavory v. NTP, Inc., 495 F.Supp.2d 531 (E.D.Va., 2007); and Gardendance, Inc. v. Woodstock Copperworks, Ltd., 1:04CV00010, 2006 U.S. Dist. LEXIS 7713 (M.D.N.C. Feb. 8, 2006). Each of those cases, however,

are distinguishable individually. And, the group is commonly distinguishable for a simple reason: in each case cited where the court found grounds to exercise its discretion in awarding attorney's fees, the court did so because there was some evidence on the record that the trial court found indicating bad intent on the part of the non-prevailing party or the court noted a complete lack of any cognizable claim.

In Diamond Star Bldg. Corp, the trial court noted that the case was "a defamation of a copyright case," "this is a piece of litigation that should never have been brought," and "a case of ... absolute insignificance." Diamond Star Bldg. Corp. v. Freed, 30 F.3d at 506. The court further noted the complete unreasonableness of the plaintiff's settlement demand prior to trial that the defendant would be required to admit to wrongdoing. Id.

In Bond v. Blum, the trial court found that the plaintiff's motivation in bringing the suit was ""to block potentially relevant evidence from being presented" in [a] child custody proceeding." Bond v. Blum, 317 F.3d at 397.

In Ale House, the trial court awarded attorney's fees to the prevailing defendant because the plaintiff "(1) alleged erroneous facts due to reliance on a form complaint; (2) failed to tailor its factual allegations to fit [the] case; (3) withdrew a federal anti-dilution claim after [defendant] pointed out its inapplicability; and (4) is a successful company that used its resources to hinder [defendant's] business venture." Ale House Mgmt., Inc. v. Raleigh Ale House, Inc., 205 F.3d at 144.

In Cramer v. Crestar Fin. Corp., (as discussed by the Fourth Circuit Court of Appeals in Cramer v. Crestar Fin. Corp., 67 F.3d 294 (4th Cir. 1995)), the trial court noted that, with regards the plaintiff's justification for bringing the suit, the "propriety of [the plaintiff's] motivation in bringing the suit was questionable - - that he brought it only after becoming concerned about his job security,

"as a way of getting a guarantee, almost an insurance policy for future employment."'" Cramer, 67 F.3d (page citations unavailable). In addition, the court noted that there "were significant concerns about . . . the reasonableness and factual bases upon which" plaintiff grounded the suit, and that the "third factor also weighs in favor of the award of costs and fees as a means to deter future strike suits by disgruntled employees." Id.[1]

In Tavory v. NTP, Inc., the reported dismissal of the underlying case at 495 F.Supp.2d 531 (E.D.Va., 2007) shows that the plaintiff failed to obtain a valid copyright registration, and "[t]his is precisely the type of fraudulent claim that the Copyright Act seeks to frustrate." Tavory, 495 F.Supp.2d at 536. The subsequent decision by the Tavory court in awarding attorney's fees, therefore, must be read in light of the determination of the misbehavior of the plaintiff. And, as the Tavory Court noted in awarding attorney's fees to the defendant, "Tavory purposefully attempted to hide a fact that ultimately formed part of the basis of the Court's grant of summary judgment in favor of [plaintiff], prolonging the litigation of this suit." Tavory v. NTP, Inc., 3:06CV-00628, 2007 U.S. Dist. LEXIS 75062 (E.D.Va., Oct. 9, 2007). In addition, the court noted that Tavory had provided inconsistent testimony. Id.

In Gardendance, Inc. v. Woodstock Copperworks, Ltd., 1:04CV00010, 2006 U.S. Dist. LEXIS 7713 (M.D.N.C. Feb. 8, 2006), the court awarded attorney's fees in the context of a case wherein the plaintiff's pretrial conduct was "dilatory and mulish," citing Gardendance, Inc. v. Woodstock Copperworks, Ltd., 230 F.R.D. 438, 452 (M.D.N.C. 2005), and that the pretrial conduct

---

[1] Plaintiff further states that those cases relied upon by Defendant in support of its Motion that do not comply with the terms of Rule 32.1 of the Federal Rules of Appellate Procedure and Rule 32.1 of the Local Rules of the Fourth Circuit are not proper precedent and should not be used as such.

that was of a "quantity and quality [ ] so egregious that they warrant an award of fees for the copyright claim. Moreover, such conduct certainly creates an "exceptional case" under [Lanham Act] § 1117(a)." *Id.*

None of the behavior or problems noted by the cases relied upon by Defendant in the present matter appear anywhere on the record. And, none of those cases noted above have awarded attorney's fees where the only question raised was the sufficiency of the plaintiff's case.

In addition, there is another overarching commonality that all of these cases have that distinguish them from the case at bar: in each one, the decision to award attorney's fees was based upon a significant record developed during discovery. There is no such record here upon which the Court may make an award of Costs and Fees.

Further, this case is patently different from all cases cited by Defendant in that none of the cases relied upon by Defendant involved unquestioned access. Here, access was not just clearly shown, but access was admitted for the purposes of Defendant's Motion for Summary Judgment. The admission of access serves to bolster Tessler's argument that her claims were not "objectively unreasonable."

Finally, Plaintiff affirmatively asserts that this matter was not brought for any improper purpose and, in fact, Plaintiff relied upon both her prior relationship with Defendant and the fact that Defendant had access to her works, as well as the opinions of other professionals in the field in making her determination that she had cognizable claims against Defendant. *See* Declaration of Cynthia Donn Tessler, attached herein as Exhibit A.

    **b.**    **Defendant's Reliance Upon the Third <u>Rosciszewski</u> Factor is Misplaced.**

The majority of Defendant's argument is based upon an assertion that Plaintiff's copyright

infringement claim was "objectively unreasonable." Although Defendant cites numerous cases for the principle that a claim of what the Court found to be unprotected ideas, Defendant cannot argue or show, based upon the record before the Court and the case law, that the ruling shows Plaintiff's copyright infringement claim to be "objectively unreasonable." The only support that Defendant has in support of that position is the unpublished *per curiam* decision of Cramer v. Crestar Fin. Corp., No. 94-2629, No. 95-1069, 1995 U.S. App. LEXIS 25906, **19-21 (4th Cir. Sept. 13, 1995)) and, as noted above, the Cramer court did not award fees solely upon that basis, but additionally because of the plaintiff's motivation for bringing the suit and as a deterrent to keep others from bringing copyright infringement strike suits by disgruntled employees.

Further, although Defendant asserts that Plaintiff "propounded a copyright claim predicated on nothing more than general ideas, themes or plots (characterizations that Plaintiff disagrees with)," Mot. Costs and Fees, p. 10, that argument ignores the fact that Plaintiff also had undisputed access by Defendant to her work. That particular fact alone was enough to make Plaintiff take notice, sit up, and look closely at what Defendant was doing. The Court has disagreed with Plaintiff and found that, as a matter of law, the elements that Plaintiff determined to be similar did not rise to the level of copyright infringement. That decision alone, however, is not sufficient to make a finding of "objective unreasonableness" as to Plaintiff's claims, especially in light of the access in this matter.

A finding, in retrospect and without the benefit of a complete discovery record, that a claimed infringing work is not objectively substantially similar does not rise to the same level as finding the claim of copyright infringement objectively unreasonable. This is noted, in fact, by a case relied upon by Defendant: Earth Flag Ltd. v. Alamo Flag Co., 154 F.Supp.2d 663, 666 (S.D.N.Y. 2001) (discussing, in part, Adsani v. Miller, No. 94 Civ. 9131, 1996 WL 531858, at *13 (1996), Little v.

Twentieth Century Fox Film Corp., No. 89 Civ. 8526, 1996 WL 18819, at *3-4 (S.D.N.Y. 1994) (both Adsani and Littel are unpublished opinions outside of this Circuit and are therefore not properly relied upon as precedence). In Earth Flag, the court noted that "the mere fact that a defendant obtains summary judgment does not necessarily mean that the plaintiff's position was frivolous or patently unreasonable," and "to hold otherwise would establish a *per se* entitlement to attorney's fees whenever [a summary judgment motion is] resolved against a copyright plaintiff." Earth Flag, 154 F.Supp.2d at 666 (internal citations omitted). The court in Earth Flag ultimately found that an award of attorney's fees under the "objectively unreasonable" standard was appropriate because the subject copyright (the "Earth Flag") was "nothing more than a public domain photograph transferred from the medium of paper to the medium of fabric." Id. at 667. That case, therefore, is completely inapposite to the matter at bar. There is no support on the record for the proposition that Plaintiff's copyrighted work is entirely unprotected under the Copyright Act, and Defendant's reliance upon the line of cases in the Southern District of New York for the proposition that Plaintiff's copyright claim was "objectively unreasonable" is unfounded.[2] Nor is there any support in the record for Defendant's assertion that "this Court and Magistrate Judge Miller concluded that there were *no* similarities." (Emphasis by Defendant). In fact, the Court noted that the two works shared elements, such as similar themes. *See, e.g.*, Memorandum Order & Opinion, page 9.

In sum, Defendant's assertion that attorney's Costs and Fees should be awarded because

---

[2] It should be noted that, although the Court ultimately agreed with the Magistrate's recommendation regarding a lack of similarity sufficient to support a copyright infringement claim, the Magistrate throughout the Report and Recommendation compares *protected* elements of Plaintiff's work with Defendant's work, implicitly recognizing that there are portions of Plaintiff's work that are protected.

Plaintiff's copyright infringement claim was "objectively unreasonable" is unsupported by the law relied upon by Defendant as well as by the limited record in this case.

### c. Defendant's Assertion That Fees Should be Awarded to Further Deter Similar Meritless Actions is Without Merit.

Defendant asserts that the Court should award Costs and Fees in this matter, in part, to further "considerations of compensation and deterrence." Mem. Sup. Mot. Costs and Fees, p. 9. That argument is misplaced, however. As the U.S. Supreme Court in Fogerty noted, the Copyright Act's purposes are met when a plaintiff (or defendant) litigates meritorious infringement claims, and that "it is particularly important that the law's boundaries be demarcated as clearly as possible." Fogerty v. Fantasy, Inc., 510 U.S. 517-18 (1994). There is no evidence on the record sufficient to show, despite Defendant's position to the contrary, that Plaintiff's claims were completely without merit. Further, this case being brought furthered the purposes of the Copyright Act by bringing a novel matter before the Court. In particular, this Court (and this Circuit) had not, prior to this case, decided a matter with this particular set of facts and circumstances. This is evidenced by the fact that the Court had to rely upon decisions outside the Fourth Circuit for its ruling, and even those cases relied upon are not exactly on point. *See, e.g.*, Zella v. E.W. Scripps Co., 529 F. Supp. 2d 1123 (C.D.Cal. 2007). Therefore, although unsuccessful, Plaintiff's bringing this matter before the Court serves the purposes of the Copyright Act.

### d. The Court May Consider Other Relevant Factors.

While the court should consider "the need in particular circumstances to advance considerations of compensation and deterrence," in evaluating this factor, the court may find relevant, among other circumstances, the ability of the non-prevailing party to fund an award. Ivy

silverstein (d/b/a Ivy Supersonic) v. Fox Entertainment Group, Inc. et al., 536 F.Supp.2d 440, 443 (S.D.N.Y., 2008). Finally, these enumerated factors are not intended as an exhaustive list; the district court may also weigh any other relevant factor presented." Silver Ring Splint Co. v. Digisplint, Inc., 567 F.Supp.2d 847, 858 (W.D. Va., 2008). In this matter, Plaintiff is unable to fund any such award and, in fact, such an award would be financially ruinous. See Declaration of Cythia Donn Tessler, attached herein as Exhibit A.

In addition, although Defendant relies upon the fact that its defense of each of Plaintiff's claims was successful in support of its assertion that an award of fees is appropriate, that assertion is unfounded. Although Defendant correctly states that this Court, in Tavory v. NTP, Inc., 3:06CV-00628, 2007 U.S. Dist. LEXIS 75062 (E.D.Va., Oct. 9, 2007), noted that success by a prevailing party "on every claim" may be an additional, relevant factor, Defendant has provided no authority wherein such circumstance was the sole justification for an award of attorney's fees. Nor is Plaintiff aware of any citable authority for the position that, without any other basis, prevailing on every claim is sufficient. Finally, Plaintiff respectfully submits that, although ultimately the Court determined that all of Plaintiff's claims should be dismissed, Plaintiff reminds the Court that there was enough evidence and legal authority for the Magistrate Judge to recommend that Plaintiff's breach of contract claim survive Defendant's Motion to Dismiss. In other words, the Magistrate Judge found that at least a portion of Plaintiff's case was well-taken, showing that Defendant's argument that the entirety of Plaintiff's case was unfounded is without merit.

Finally, in support of its motion for costs and fees, Defendant also relies upon a "Declaration of Hillary Lane." See Mem. Sup. Costs and Fees. p.1. However, while that Declaration is relied upon for the assertion that "in multiple letters . . . [Defendant] noted repeatedly that Plaintiff's claims

appeared to be based solely on a similarity of unprotected ideas rather than expression . . . [and that] NBC also made it clear to Plaintiff that it would seek attorney's fees if she pursued her meritless claim," Mem. Sup. Def. Mot. p.1, there are no such letters either submitted as exhibits in support of Defendant's Motion or entered into the record at any point during the pendency of this case. In addition, any such correspondence should be considered in light of negotiations between the parties regarding the dispute, and are generally subject to the evidentiary restrictions related to settlement negotiations. Rule 408 of the Federal Rules of Evidence provides, in part:

> (a) Prohibited uses.—Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:
>
> (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a the claim which was disputed as to either validity or amount; and, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of
>
> (2) conduct or statements made in compromise negotiations is likewise not admissible regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.

Fed. R. Evid. 408 (2009).

The undisclosed letters that Defendant relies upon clearly fall within the scope of Fed. R. Evid. 408(a)(1) and (2) in that Defendant relies upon the letters (and upon the supporting statement of Hillary Lane in her Declaration) for the proposition that Plaintiff's claims were invalid. As such, Defendant should not be permitted to rely upon that evidence in support of its Motion.

**II.    Plaintiff is Unable to Assess the Reasonableness of the Fees Claimed by Defendant.**

While Counsel for Defendant Stephen E. Noona's qualifications and experience as stated in his Declaration filed April 13, 2009 are not disputed, nor are the qualifications of the other attorneys whose time has been billed in this matter, Plaintiff states that, because it is not possible to determine what portion of the fees are dedicated to defense of which claims, Plaintiff cannot assess the reasonableness of the fees.

Defendant has asserted that "applying the Kimbrell factors to this matter, there is no doubt that the fees incurred are reasonable." Mot. Costs and Fees, p. 12, citing the twelve factors for determining the reasonableness of attorney's fees announced in Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 (4th Cir. 1978). However, Defendant has also asserted that "the state law claims and efforts to dismiss those claims for non-copyright law related reasons accounted for no more than ten percent (10%) of the total fees incurred." Noona Declaration, p. 5 ¶ 14, Mot. Costs and Fees FN14. A review of the billing provided in support of Defendant's Motion, however, does not provide enough detail to make such a determination. In particular, there are very few places in the billing that note to which claim, specifically, the time entries billed relate. Of further note is the fact that the entirety of the work accomplished on Defendant's Objection to the Report and Recommendation of the Magistrate was related to the breach of contract claim and unrelated to the copyright infringement claim. *See* Objection of Defendant NBC Universal to Magistrate Judge's Report and Recommendation on Defendant's Motion to Dismiss Count II of Plaintiff's Complaint.

Further, a rough estimate based upon the pages of pleadings filed in this matter show that the number of pages dedicated to claims other than the copyright infringement claim amounts to

approximately 24 out of a total of 47 pages filed by Defendant.[3] This equates to approximately 51% of the pleadings. As a rough guide to the efforts expended on the various matters, this gives Plaintiff pause and she is without information to further assess how the time was allocated. This is especially problematic should the Court determine that attorney's fees are proper under 17 U.S.C. §505, but under no other theory.

And, although Defendant asserts in FN 6 that "[a]ll of the Costs and Fees incurred in this matter related to the copyright claim as the other claims and NBC's defenses to those claims were derivative of the copyright claim" and therefore all of the fees should be recoverable, Defendant cites no authority for this position. Such a position flies in the face of well-established law that, absent a statute or provision in the contract providing for attorney's fees, the general rule in this Court is that no attorney's fees are available to a prevailing party in a breach of contract claim. Without authority to the contrary, or reliance upon statute, Defendant's claims for attorney's fees for work on claims other than the copyright infringement claim are unfounded.

Defendant also argues that, because the remaining claims were "derivative" of the copyright claim (Mot. Costs and Fees, p.14, FN 6), that time spent defending against those claims should be recoverable under the Copyright Act. Defendant, however, provides no authority for that position. Further, there is no reason why the breach of contract claim should be considered derivative of the copyright claim; the copyright claim is just as easily derivative of the breach of contract claim.

Finally, should the Court decide that sufficient evidence exists such that an award of fees is appropriate, "the Court nonetheless possesses discretion as to whether or not they should be

---

[3] This is a rough estimate. Only pages devoted to legal background, facts, and argument were counted. Cover pages, indices, certificates of service, and the like were excluded from this estimate.

awarded." Rambus, Inc. v. Infineon Technologies Ag., 155 F.Supp.2d 668, 683 (E.D.Va. 2001), *citing* Enzo Biochem, Inc. v. Calgene, Inc., 188 F.3d 1362, 1370 (Fed. Cir. 1999). The Court should, therefore, given the totality of the circumstances of this case, use its discretion and rely upon the American Rule rather than finding that an award of fees against a plaintiff who, in good faith, brought this case to enforce her rights in her copyrighted material.

## CONCLUSION

As noted above, a review of applicable cases reveal that, where the prevailing party is a defendant, the relevant conduct is generally the decision to bring the lawsuit and the conduct by the plaintiff during the course of the lawsuit. This is consistent with the decisions cited herein and in light of the fact that there is no persuasive authority that without something more, a decision by a court that there is no substantial similarity between works does not provide enough to warrant an award of attorney's fees. In the matter at bar, Defendant has not shown, nor is there evidence in the record to support anything other than an assertion that Defendant succeeded in arguing a 12(b)(6) motion. There is no evidence of malfeasance, ill will, or an objective unreasonableness to Plaintiff's decision to bring this matter in the first place. And, any such suggestion by Defendant is countered by Plaintiff's Declaration and the record before the Court. Defendant has failed to show that any of the Rosciszewski factors apply to the instant case.

In effect, Defendant is asking the Court to use hindsight to rule that Plaintiff should have determined, as a matter of law, that the similar elements were unprotected, and for Plaintiff to *not* make that determination was objectively unreasonable. There is nothing in the record to support that position. The court found that the similar elements were unprotected, but nowhere is there an indication either by the Magistrate Judge or the District Judge that Plaintiff took any objectively

unreasonable positions. Further, the record is devoid of any evidence of misbehavior, ill will, or other wrongful acts or behavior by Plaintiff in bringing this matter. And, Defendant can cite to no authority for the proposition that, if a claim of copyright infringement is brought on the basis of what the Court found to be unprotected "ideas and themes," such a case is presumed to be "objectively unreasonable." Nowhere does the record indicate that the Court found Plaintiff's claims to be objectively unreasonable.

If the Court were to find grounds to award Costs and Fees in this matter, Plaintiff asserts that, for the reasons noted above, there is insufficient information to allocate the fees to the particular issues before the Court and therefore insufficient information to make a determination of reasonable fees.

WHEREFORE, for the reasons stated herein, Plaintiff Cynthia Donn Tessler respectfully requests that this Honorable Court DENY Defendant's Motion For Prevailing Party Costs and Attorneys Fees in its entirety.

CYNTHIA DONN TESSLER

Dated April 24, 2009

/s/ Duncan G. Byers
Of Counsel

Duncan G. Byers, Esquire
Virginia Bar No. 48146
Duncan G. Byers, P.C.
142 W York Street, Suite 910
Norfolk, VA 23510
(757) 227-3340 Telephone
(757) 227-3341 Facsimile
*Counsel for Plaintiff, Cynthia Donn Tessler*

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2009, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the

following:

>Stephen E. Noona
>VSB No. 25367
>Kaufman & Canoles, PC
>150 West Main Street, Suite 2100
>Norfolk, VA 23510
>Telephone: (757) 624-3000
>Facsimile: (757) 624-3169
>senoona@kaufcan.com

>  /s/ Duncan G. Byers
>Duncan G. Byers
>Duncan G. Byers, Esquire
>Virginia Bar No. 48146
>Duncan G. Byers, P.C.
>142 W York Street, Suite 910
>Norfolk, VA 23510
>(757) 227-3340 Telephone
>(757) 227-3341 Facsimile
>duncan.byers@byers-ip.com
>*Counsel for Plaintiff, Cynthia Donn Tessler*