UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



CYNTHIA DONN TESSLER,

    Plaintiff,

v.                                                      ACTION NO. 2:08cv234

NATIONAL BROADCASTING COMPANY, INC.,

    Defendant.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This action was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure, as well as Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia, by order of reference entered January 29, 2010.

### I. PROCEDURAL AND FACTUAL BACKGROUND

Cynthia Donn Tessler ("Tessler") brought a copyright infringement suit against NBC Universal, Inc. ("NBC") for the alledged infringement of the video "Parenting Your Parent" by NBC's program "Trading Places." NBC filed a Motion to Dismiss on August 1, 2008. [Doc. No. 15.] The Court, in its Memorandum Opinion & Order, found "[a]fter closely comparing the two segments, ... that there are no substantial similarities, intrinsically or extrinsically, between the two works based on protectable elements;" therefore, the Court granted NBC's motion to dismiss. (Mem. Op. & Order at 9) [Doc. No. 32.]

NBC made a Motion for Costs and Attorney's Fees requesting $188.32 for costs and

$59,799.53 for attorney's fees for both outside and in-house counsel. [Doc. No. 35.] Tessler filed a Memorandum in Opposition [Doc. No. 40] and a Notice of Appeal [Doc. No. 42]. NBC filed a Reply to the Response to Motion. [Doc. No. 45.] NBC also filed a supplement to their application for prevailing party attorney's fees to add the fees incurred from Tessler's unsuccessful appeal, creating a new attorney's fee total of $78, 887.03. [Doc. No. 53 & Ex. 3, Doc. No. 54.] By order dated January 29, 2010, the Court referred NBC's Motion for Costs and Attorney's Fees to the undersigned for a report and recommendation.

## II. COSTS

### A. Legal Standard

In general, a Court has the power to award costs that are listed in Title 28 of the U.S. Code, such as:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C.A. § 1920 (2010). More specifically, under the Copyright Act, "[i]n any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof." 17 U.S.C.A. § 505 (2010). Finally, Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs -- other than attorney's fees -- should be allowed to the prevailing party."

Once an expense falls within the above enumerated list, the prevailing party is presumed to be entitled to that cost, and the burden is on the losing party to show the impropriety of a particular cost. Cofield v. Crumpler, 179 F.R.D. 510, 514 (E.D. Va. 1998). Further, Local Civil Rule 54(D)(1) for the United States District Court for the Eastern District of Virginia provides, "[t]he party entitled to costs shall file a bill of costs as provided in 28 U.S.C §§ 1920 and 1924 within eleven (11) days from the entry of judgment" and "[a]n itemization and documentation for requested costs in all categories shall be attached to the cost bill. Costs will be disallowed if proper documentation is not provided." E.D.Va. Loc. R. 54(D)(1).

### B. Analysis

NBC is requesting costs totaling $188.32. NBC was successful on their Motion to Dismiss with respect to all claims, thus they are considered the prevailing party. (Mem. Op. & Order at 14.). However, on NBC's Bill of Costs filed with the Court on April 14, 2009, NBC only reported costs of $56.10. (Bill of Costs at 1) [Doc. No. 39.] Although 17 U.S.C. § 505 grants the Court discretion to allow the recovery of a wide range of costs, pursuant to the Local Civil Rule 54(D)(1), NBC must file a bill of costs and "[a]n itemization and documentation for requested costs in all categories." NBC did not comply with this rule with respect to the balance of the costs amounting to $132.22; therefore, only $56.10 is properly accounted for.

In sum, NBC is presumed to be entitled to the type of costs listed in 28 U.S.C. § 1920, and NBC conformed to Local Civil Rule 54(D)(1) with respect to the costs of $56.10. Furthermore, Tessler did not meet her burden of showing the impropriety of awarding the costs of $56.10, thus the Court recommends GRANTING costs in the amount of $56.10.

## III. ATTORNEY'S FEES

### A. Legal Standard

The Copyright Act, pursuant to 17 U.S.C. § 505, states "the court may . . . award a reasonable attorney's fee to the prevailing party as part of the costs." The Supreme Court clarified that "[p]revailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994).

The awarding of attorney's fees is at the discretion of the trial court. The Fourth Circuit uses four factors to determine if an award for attorney's fees should be made: "[1] the motivation of the parties, [2] the objective reasonableness of the legal and factual positions advanced, [3] the need in particular circumstances to advance considerations of compensation and deterrence, and [4] any other relevant factor presented." Rosciszewski v. Arete Ass'n, 1 F.3d 225, 234 (4th Cir. 1993); Diamond Star Bldg. Corp. v. Freed, 30 F.3d 503, 505 (4th Cir. 1994). Still, the court in Tavory noted, "[t]he third and fourth Rosciezewski factors have rarely played an important role in the Fourth Circuit's analysis of attorney's fees awards." Tavory v. NTP, Inc., 3:06-CV-628, 2007 U.S. Dist. WL 2965048, at *1 (E.D. Va. Oct. 9, 2007). The Supreme Court in Fogerty, acknowledged that factors such as "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence" can be used "to guide courts' discretion, so long as such factors are faithful to the purposes of the Copyright Act and are applied to prevailing plaintiffs and defendants in an evenhanded manner." Fogerty, 510 U.S. at 535 n.19.

The court in Rosciszewski determined that any award to a prevailing party for attorney's fees

4

must be accompanied by detailed findings of fact about each of the following factors:

    (1)   the time and labor expended;
    (2)   the novelty and difficulty of the questions raised;
    (3)   the skill required to properly perform the legal services rendered;
    (4)   the attorney's expectations at the outset of the litigation;
    (5)   the customary fee for like work;
    (6)   the attorney's expectations at the outset of litigation;
    (7)   the time limitations imposed by the client or circumstances;
    (8)   the amount in controversy and the results obtained;
    (9)   the experience, reputation and ability of the attorney;
   (10)   the undesirability of the case within the legal community in which the suit arose;
   (11)   the nature and length of the professional relationship between attorney and client; and
   (12)   attorney's fees awards in similar cases.

Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 n.28 (4th Cir. 1978) cert. denied, 439 U.S. 934 (1978); see Rosciszewski, 1 F.3d at 234 n.8. The Court does not have to address all twelve factors as "it is illogical to require district courts to mechanically address every factor when many clearly do not apply at all." Tavory v. NTP, Inc., 297 F. App'x 986, 991 (Fed. Cir. 2008). There simply must be "detailed findings of fact with regard to the factors considered." Barber, 577 F.2d at 226.

### B. Analysis

NBC asserts pursuant to 17 U.S.C. § 505, the Court should award attorney's fees to it as the prevailing party. There is no dispute in this case that NBC is the prevailing party as NBC was successful on its Motion to Dismiss with respect to all claims.

   i. Rosciszewski Factor One

The first factor to be considered is "the motivation of the parties." Rosciszewski, 1 F.3d at 234. The Fourth Circuit refuses to "condition an award of attorney's fees under § 505 to a prevailing

defendant on a finding that the plaintiff pursued copyright litigation in bad faith" as there is "no indication either in statutory language or legislative history that bad faith should be a prerequisite to a fee award." Id. at 233. Bad motive is not solely determinative as "the presence or absence of such motivation is not necessarily dispositive." Id. at 234.

In this case, the Plaintiff declared that she "did not bring this case for any improper purpose, but for the purposes of protecting her copyrighted materials that were the subject of the suit. (Decl. Cynthia Donn Tessler ¶ 3) [Ex. 1, Doc. No. 40.] In addition to the plaintiff's declaration, the Court has no reason to believe that Tessler held any malice in pursuit of her lawsuit. Although bad faith is not a prerequisite for an award of attorney's fees, the absence of a bad motive does not militate in favor of granting such fees, especially under the facts of this case. Accordingly, this factor weighs against granting NBC's motion.

ii. Rosciszewski Factor Two

The second factor to be considered is "the objective reasonableness of the legal and factual positions advanced." Rosciszewski, 1 F.3d at 234. With respect to factor two, "when a party has pursued a patently frivolous position, the failure of a district court to award attorney's fees and costs to the prevailing party will, except under the most unusual circumstances, constitute an abuse of discretion." Diamond Star Bldg. Corp. v. Freed, 30 F.3d 503, 506 (4th Cir. 1994). Though "frivolousness [is] not essential to an award of attorney's fees." Bond v. Blum, 317 F.3d 385, 398 (4th Cir. 2003). Simply because a defendant is successful in obtaining "summary judgment does not necessarily mean that the plaintiff's position was frivolous or patently unreasonable," and "to hold otherwise would establish a *per se* entitlement to attorney's fees whenever [a summary judgment motion is] resolved against a copyright plaintiff." Earth Flag Ltd. v. Alamo Flag Co., 154

F.Supp.2d 663, 666 (S.D.N.Y. 2001) (internal citations omitted).

In the present case, although NBC succeeded on all the claims in its Motion to Dismiss, this does not necessarily mean Tessler's claims were patently frivolous. See id. In order to succeed, Tessler needed to prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that [were] original." Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). While NBC conceded in its Motion to Dismiss that Tessler met prong one to establish copyright infringement (Mot. to Dismiss at 11) [Doc. No. 16], in order to meet prong two using circumstantial evidence, Tessler must have shown that NBC had access to copyrighted materials,[1] and created a product that was substantially similar to the copyrighted materials. See id. at 25 (citing Towler v. Sayles, 76 F.3d 579, 582 (4th Cir. 1996)).

Tessler was ultimately unsuccessful in showing that NBC's "Trading Places" was substantially similar to "Parenting Your Parent" under either the objective or subjective test. The Court was unable to find any similarities in plot, theme, dialogue, mood, setting, or characters between "Trading Places" and the protected elements of "Parenting Your Parent". Id. at 10-13. Importantly, however, although the Court was unable to find any similarities, this suit was not patently frivolous as there have been no other cases before the Court where both access and the ownership of a valid copyright were undisputed. This factor weighs in favor of denying an award of attorney's fees to NBC. Fogerty v. Fantasy, Inc., 510 U.S. 517, 518 (1994).

iii. Rosciszewski Factor Three

The third factor to be considered is "the need in particular circumstances to advance

---

[1] NBC did also concede that it had access to Tessler's copyrighted materials. (Mot. to Dismiss at 11) [Doc. No. 16.]

considerations of compensation and deterrence." Rosciszewski v. Arete Ass'n, 1 F.3d 225, 234 (4th Cir. 1993). For a claim under the Copyright Act, "it is peculiarly important that the law's boundaries be demarcated as clearly as possible. Thus, a defendant seeking to advance meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious infringement claims." Fogerty, 510 U.S. at 518. The Court should not aim to chill potentially meritorious claims, but should not aim to invite "unreasonable actions without fear of any consequences" either. Earth Flag Ltd. v. Alamo Flag Co., 154 F.Supp.2d 663, 668 (S.D.N.Y. 2001). Additionally, the court in Rosciszewski noted that with respect to factor three, "the court may find relevant . . . the ability of the non-prevailing party to fund an award." Rosciszewski, 1 F.3d at 234.

Here, Tessler claims that the litigation furthered the goal of the Copyright Act by bringing a novel issue in front of the Court as this Circuit had not "decided a matter with this particular set of facts and circumstances." (Pl.'s Mem. in Opp'n at 10) [Doc. No. 40.] As this case is unique, given that the Defendant had undisputed access to the copyrighted materials of Tessler, it furthered the goal of the Copyright Act in helping to clearly demarcate the boundaries of the law. See Fogerty, 510 U.S. at 518. Granting an award of attorney's fees to NBC, could deter future meritorious litigation. See id. Further, Tessler has also declared, she would be unable to pay these fees, and such an award would be financially ruinous. (Decl. Cynthia Donn Tessler ¶ 6.) Given Tessler's inability to pay a sizable attorney's fee award and the goal of the Copyright Act to ensure clarity in the law, this factor, too, weighs in favor of not awarding attorney's fees to NBC.

iv. Rosciszewski Factor Four

The fourth factor to be considered is "any other relevant factor presented." Rosciszewski,

1 F.3d at 234. For example, one relevant factor might be that which the court found in Tavory, that if the prevailing party "succeeded on every claim" brought against it, that would "suggests that an award of attorney's fees is appropriate." Tavory v. NTP, Inc., 3:06-CV-628, 2007 U.S. Dist. WL 2965048, at *6 (E.D. Va. Oct. 9, 2007).

Here, although NBC did succeed on all claims brought against it, awarding attorney's fees to NBC is still inappropriate as there was no bad faith and the suit was not patently frivolous. There has been no case before the Court that has granted an award of attorney's fees solely based on a prevailing party succeeding on every claim brought against it. In addition, the Court in Tavory noted, "[t]he third and fourth Rosciezewski factors have rarely played an important role in the Fourth Circuit's analysis of attorney's fees awards;" therefore, this factor too, weighs in favor of not granting attorney's fees to NBC.

v. Summary

The four Rosciezewski factors weigh in favor of not granting an award of attorney's fees to NBC. As there was no bad faith in bringing the suit, the suit was not patently frivolous, and awarding attorney's fees would not further the principles of compensation or deterrence. For the foregoing reasons, and as a matter of the Court's discretion, the undersigned does not recommend awarding NBC attorney's fees.

IV. **RECOMMENDATION**

For the foregoing reasons, the Court recommends Defendant's Motion for Prevailing Party Costs and Attorneys Fees [Doc. No. 34] be GRANTED in part and DENIED in part, and costs be awarded in the amount of fifty-six dollars and ten cents ($56.10).

## V. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984), cert. denied, 474 U.S. 1019 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia

July 15, 2010

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to each of the following:

Duncan G. Byers, Esq.
Duncan G. Byers, P.C.
142 W. York Street
Suite 910
Norfolk, VA 23510

Stephen E. Noona, Esq.
Richard J. Conrod, Jr., Esq.
Kaufman & Canoles, P.C.
150   W. Main Street
Suite 2100
Norfolk, VA 23510

Fernando Galindo, Clerk

By _____
Deputy Clerk

July 15, 2010