IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division


FILED
SEP 29 2010
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

CYNTHIA DONN TESSLER,

    **Plaintiff,**

v.                                             CIVIL ACTION NO. 2:08cv234

NBC UNIVERSAL, INC.,

    **Defendant.**

## *MEMORANDUM OPINION AND ORDER*

This matter comes before the Court on NBC Universal, Inc.'s ("NBC" or "Defendant") Motion for Costs and Attorneys Fees as Prevailing Party. Pursuant to 28 U.S.C. § 636(b), this Court referred the Defendant's motion to the United States Magistrate Judge Tommy Miller for a recommendation as to disposition. On July 15, 2010, the Magistrate Judge entered a Report and Recommendation ("R&R") recommending that Defendant's motion be granted in part and denied in part, awarding costs to Defendant in the amount of fifty-six dollars and ten cents ($56.10). Defendant timely filed objections to R&R. Having conducted a *de novo* review of those portions of the recommendation to which specific objections were filed, and for the reason set forth below, the Court overrules Defendant's objections. Accordingly, the Court adopts the Magistrate Judge's R&R in part, and Defendant's Motion for Costs and Attorney's Fees is **DENIED** as to attorney's fees.

### I. FACTUAL AND PROCEDURAL HISTORY

Neither party objected to the Factual and Procedural History portion of the Magistrate's Report. The Court will, therefore, rely on this portion (Part I) of the R&R as complete and accurate as follows:

1

Cynthia Donn Tessler ("Tessler") brought a copyright infringement suit against NBC Universal, Inc. ("NBC") for the alleged infringement of the video "Parenting Your Parent" by NBC's program "Trading Places." NBC filed a Motion to Dismiss on August 1, 2008. This Court, in its Memorandum Opinion & Order, found "[a]fter closely comparing the two segments, . . . that there are no substantial similarities, intrinsically or extrinsically, between the two works based on protectable elements;" therefore, the Court granted NBC's motion to dismiss. (Mem. Op. & Order at 9.)

NBC made a Motion for Costs and Attorney's Fees requesting $188.32 for costs and $59,799.53 for attorney's fees for both outside and in-house counsel. Tessler filed a Memorandum in Opposition and a Notice of Appeal. NBC filed a Reply to the Memorandum in Opposition. NBC also filed a supplement to their application for prevailing party attorney's fees to add the fees incurred from Tessler's unsuccessful appeal, creating a new attorney's fee total of $78, 887.03. By order dated January 29, 2010, the Court referred NBC's Motion for Costs and Attorney's Fees to United States Magistrate Judge Tommy E. Miller for a Report and Recommendation.

On July 15, United States Magistrate Judge Tommy E. Miller filed a Report and Recommendation regarding NBC's Motion for Prevailing Party Costs and Attorney's Fees. In the R&R, the Court recommended that NBC's Motion be granted in part and denied in part, and costs be awarded in the amount of fifty-six dollars and ten cents ($56.10). NBC filed a timely Objection to the Report on July 29, 2010. Plaintiff subsequently filed a Response to Defendant's Objection on August 12, 2010.

## II. LEGAL STANDARDS

### A. Attorney's Fees

The Copyright Act, pursuant to 17 U.S.C. § 505, states, "the court may . . . award a reasonable attorney's fee to the prevailing party as part of the costs."

The awarding of attorney's fees is at the discretion of the trial court. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994) ("prevailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion"). The Fourth Circuit uses four factors to determine if an award for attorney's fees should be made: "[1] the motivation of the parties, [2] the objective reasonableness of the legal and factual positions advanced, [3] the need in particular circumstances to advance the considerations of compensation and deterrence, and [4] any other relevant factor presented." *Rosciszewski v. Arete Ass'n*, 1 F.3d 225, 234 (4th Cir. 1993); *Diamond Star Bldg. Corp. v. Freed*, 30 F.3d 503, 505 (4th Cir. 1994). Still, the Court in *Tavory* noted, "[t]he third and fourth *Rosciszewski* factors have rarely played an important role in the Fourth Circuit's analysis of attorney's fees awards." *Tavory v. NTP, Inc.*, No. 3:06-CV-628, 2007 WL 2965048, at *1 (E.D. Va Oct. 9, 2007). The Supreme Court in *Fogerty*, acknowledged that factors such as "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence" can be used "to guide courts' discretion, so long as such factors are faithful to the purposes of the Copyright Act and are applied to prevailing plaintiffs and defendants in an evenhanded manner." *Fogerty*, 510 U.S. at 535 n.19.

## B. *De Novo* Review

The Court's standard of review for a Magistrate Judge's Report and Recommendation depends upon whether a party files objections. A party may file written objections to a Magistrate Judge's Report and Recommendation within ten days after being served with a copy thereof. 28 U.S.C. § 636(b)(1). Parties filing objections must specifically identify those findings to which they objected. Frivolous, conclusive or general objections need not be considered by the district court." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). If proper objections are made, a district court reviews such objections under a *de novo* standard; the Court may not act solely on the basis of a Magistrate Judge's Report and Recommendation. 28 U.S.C. § 636(b)(1); *see Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." 28 U.S.C. § 636(b)(1)(C); *see Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). Where no objection is made, the court need "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life*, 416 F.3d 301, 315 (4th Cir. 2005) (citations omitted).

## III. DISCUSSION

### A. Prevailing Party Attorney's Fees

The Fourth Circuit uses four factors to determine if an award for attorney's fees should be made: "[1] the motivation of the parties, [2] the objective reasonableness of the legal and factual positions advanced, [3] the need in particular circumstances to advance the considerations of compensation and deterrence, and [4] any other relevant factor presented." *Rosciszewski v. Arete*

*Ass'n*, 1 F.3d 225, 234 (4th Cir. 1993); *Diamond Star Bldg. Corp. v. Freed*, 30 F.3d 503, 505 (4th Cir. 1994).

NBC objects to the Magistrate Judge's failure to award all fees sought by NBC. In doing so, NBC asserts that the Magistrate Judge erred in applying the *Rosciszewski* factors adopted by the Fourth Circuit to the Motion for Prevailing Party Costs and Attorney's Fees. More specifically, NBC challenges the Magistrate Judge's application of the second, third, and fourth *Rosciszewski* factors.

### 1. *Rosciszewski* Factor 2: Objective Reasonableness

In *Rosciszewski*, the Fourth Circuit held that courts must consider "the objective reasonableness of the legal and factual positions advanced." 1 F.3d at 234. In applying the "objective reasonableness" standard, the Fourth Circuit has noted that "the court may consider ... whether the positions advanced by the parties were frivolous, on the one hand, or well grounded in law and fact, on the other hand." *SER Solutions, Inc. v. Masco Corp.* 103 Fed. Appx. 483, 489 (4th Cir. 2004).

NBC posits that the Magistrate Judge conflated "patently frivolous" with "objectively unreasonable" in evaluating Tessler's claim. However, as articulated above, the patently frivolous determination is part of the larger inquiry into objective reasonableness. If a claim is patently frivolous, then it cannot be considered objectively reasonable. In clarifying this aspect of the test, the Fourth Circuit has concluded that "when a party has pursued a patently frivolous position, the failure of a district court to award attorney's fees and costs to the prevailing party will, except under the most unusual circumstances, constitute an abuse of discretion." *Diamond Star*, 30 F.3d at 506. This further clarifies the Fourth Circuit's position that patently frivolous claims inherently fail the objective reasonableness test. Furthermore, the Magistrate Judge

5

explicitly stated that "frivolousness [is] not essential to an award of attorney's fees." (R&R at 6 (citing *Bond v. Blum*, 317 F.3d 385, 398 (4th Cir. 2003)).) Thus, this Court finds that the Magistrate Judge exercised proper acknowledgment of the standard and application thereof.

NBC also objects on the basis that Tessler's claims were unreasonable because they failed as a matter of law. (Def.'s Objection at 11.) Tessler's claims were not sufficient to sustain summary judgment. (Mem. Op. and Order at 9.) However, the record does not indicate that these ultimately unsuccessful claims were necessarily frivolous or lacking sufficient factual and legal grounds. While the Court failed to find any similarities between NBC's "Trading Places" and the protected elements of "Parenting Your Parent," Tessler had ownership of a valid copyright. (R&R at 7.) She asserted a claim for copyright infringement based on that copyright and the alleged (and later admitted for the purposes of the Motion to Dismiss) access that NBC had to her protected materials. (Def.'s Objection at 12.) As the Magistrate Judge properly stated, "simply because a defendant is successful in obtaining "summary judgment does not necessarily mean that the plaintiff's position was frivolous or patently unreasonable," and "to hold otherwise would establish a per se entitlement to attorney's fees whenever [a summary judgment is] resolved against the copyright plaintiff." *Earth Flag Ltd. v. Alamo Flag Co.*, 154 F. Supp. 2d 663, 666 (S.D.N.Y. 2001). NBC's summary judgment success simply reflects the fact that Tessler was unable to establish a prima facie case for copyright infringement; it does not necessarily imply that the factual or legal grounds of the case rise to the level of objective unreasonableness. *See Feist Publ'ns, Inc. v. Rural Tel Serv. Co.*, 499 U.S. 340, 361 (1991) (stating that a plaintiff must prove "ownership of a valid copyright; and copying of constituent elements of the work that [were] original" in order to succeed on a copyright infringement claim).

Finally, NBC cites a line of cases where courts have awarded attorney's fees based on claims that were dismissed for lack of substantial similarity to further support its position that Tessler's claims were objectively unreasonable. However, a closer reading of these cases reveals that the objective reasonableness evaluation was linked to other distinguishable characteristics of the cases such as: plaintiff's bad motive, claims based on work already in the public domain, flagrant inaccuracies in the plaintiff's claim and supporting materials, and frivolous substantive claims. *See, e.g., Torah Soft Ltd. v. Drosnin*, No. 00 Civ. 5650 (JCF), 2001 WL 1506013, at *5 (S.D.N.Y. Nov. 27, 2001) (awarding attorney's fees where plaintiff's copyright theory was extremely tenuous and where the court concluded that the claim was "not brought because of its inherent merit but because of its value in settlement negotiations"); *see also Earth Flag*, 154 F. Supp. 2d at 670 (awarding fees where plaintiff's work was not "sufficiently original to warrant copyright protection"); *Adsani v. Miller*, No. 94 Civ. 9131 (DLC), 1996 WL 531858, at *15-16 (S.D.N.Y. Sep. 19, 1996) (noting various inaccuracies in plaintiff's claim and supporting materials in reaching its conclusion that the works "bear almost no relation to each other"); *Littel v. Twentieth Century Fox Film Corp.*, No. 89 Civ. 8526 (DLC) 1996 WL 18819, at *3 (S.D.N.Y. Jan. 18, 1996) (granting motion for attorney's fees where plaintiff presented "a straightforward substantial similarity claim that was frivolous"). In view of these findings, NBC's objection to the Magistrate Judge's application of the objective reasonableness test fails.

In light of the fact that Tessler's case was not patently frivolous and was based on grounds of law and fact, this Court adopts the Magistrate Judge's finding that this factor weighs in favor of denying an award of attorney's fees to NBC.

### 2. *Rosciszewski* Factor 3: Advance Considerations of Compensation and Deterrence

According to *Rosciszewski*, courts should also consider "the need in particular circumstances to advance considerations of compensation and deterrence." *Rosciszewski*, 1 F.3d at 234.

Under this factor, NBC first asserts that the Magistrate Judge erroneously concluded that the case "furthered the goal of the Copyright Act in helping to clearly demarcate the boundaries of the law." (Def.'s Objection at 13.) NBC further posits that there was nothing unique or meritorious about Tessler's claim. In the Magistrate's Report, the Court reasoned that "this case is unique, given that the Defendant had undisputed access to the copyrighted materials of Tessler. . . ." (R&R at 8.) NBC objects to this reasoning on the ground that it conceded access to the copyrighted material "for the purposes of the Motion to Dismiss only." (Def.'s Objection at 12.) However, this Court already found that "there is no dispute that Defendant had access to Plaintiff's work." (Mem. Op. and Order at 5 (affirmed by the Fourth Circuit in an unpublished per curiam opinion on Feb. 4, 2010).) Furthermore, as indicated above, while Tessler's claim ultimately failed as a matter of law, NBC has cited no legal precedent to persuade the Court to award attorney's fees for a potentially meritorious claim. Therefore, Defendant's objection on the basis that Tessler's claims were neither unique nor meritorious is rejected.

Secondly, NBC asserts that the Magistrate Judge did not fully consider the deterrent effect of an award of fees in this case. (Def.'s Objection at 12.) This deterrent effect is based on NBC's position that the Magistrate Judge's reasoning "promotes the proliferation of groundless action" by allowing a plaintiff to proceed with a case that was ultimately unsuccessful on every claim without the penalty of an attorney's fees award. (Def.'s Objection at 13.) Defendant correctly notes that this element of the *Rosciszewski* factors, is aimed at deterring baseless

actions. However, as this Court notes above, Tessler's claims fail to rise to the level of baselessness that warrant need for deterrence through attorney's fees.

Consequently, this Court finds that the Magistrate Judge properly weighed this factor in favor of not awarding attorney's fees to NBC.

### 3. *Rosciszewski* Factor 4: Other Relevant Factors

Finally, the fourth factor that courts should consider is "any other relevant factor presented." *Rosciszewski*, 1 F.3d at 234. This Court has previously found that one such factor is the prevailing party's success on every claim. *See Tavory v. NTP, Inc.*, 3:06-CV-628, 2007 WL 2965048, at *6 (E.D. Va Oct. 9, 2007) (stating that a prevailing party's success on every claim "suggests that an award of attorney's fees is appropriate").

NBC objects to the Magistrate Judge's reasoning that despite succeeding on all claims, "awarding attorney's fees [was] still inappropriate as there was no bad faith and the suit was not patently frivolous." (R&R at 9). While the Court finds, that success on all claims is not dispositive in justifying an award for attorney's fees, the Court does find that this factor weighs in favor of NBC. This conclusion does not, however, credit NBC's position that success on all claims is indicative of objective unreasonableness. Rather, the Court acknowledges its finding in *Tavory* and supports the notion that it should be considered as an additional factor, weighing in favor of the prevailing party. The Court thereby finds that prevailing party's success on all claims qualifies as an "other relevant factor" under the *Rosciszewski* standard and that it should be properly weighed in favor of granting attorney's fees to that party, here, NBC.

### 4. Summary

In summary, the Court finds that NBC's objections to the Magistrate Judge's application of factors two and three of the *Rosciszewski* standard are without merit. The Court does;

9

however, grant NBC's objection that its success on all claims should be properly weighed in favor of granting attorney's fees under the fourth *Rosciszewski* factor. In reaching this conclusion, the Court acknowledges its finding in *Tavory v. NTP, Inc.* that a prevailing party's success on every claim suggests that an award of attorney's fees is appropriate." *Tavory*, 2007 WL 2965048, at *6. After balancing the *Rosciszewski* factors in light of NBC's objections, the Court nonetheless finds that the Magistrate Judge reached the appropriate conclusion that the factors weigh in favor of not granting an award of attorney's fees. While the Court finds that the fourth factor weighed in favor of awarding attorney's fees, the Court also acknowledges that "[t]he third and fourth *Rosciszewski* factors have rarely played an important role in the Fourth Circuit's analysis of attorney's fees awards." *Tavory*, 2007 WL 2965048, at *1. For the foregoing reasons, and as a matter of the Court's discretion, the Court adopts the Magistrate Judge's finding that NBC should be denied attorney's fees.

## IV. CONCLUSION

The Court hereby Adopts in Part and Rejects in Part the findings and recommendations set forth in the report of the United States Magistrate Judge filed July 15, 2010, and it is therefore **ORDERED** that Defendant's Motion for Costs and Attorney's Fees be **DENIED** as to attorney's fees.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to all counsel of record.

**IT IS SO ORDERED.**

Raymond A. Jackson
United States District Judge

Norfolk, Virginia
September 29, 2010

10